Per Curiam.

It is sufficient if the nil capiat per breve be entered at any time before replication in the second suit.(a) The cases cited show that a discontinuance may be entered at any time before plea pleaded in the second suit,, without leave, and without costs. In a plea of abatement, the defendant must verify his whole plea.(b) (Comyns Abat. I. 11.) , If he *474 does not, he must answer over, and where the plea is triable ■ by record, there may be a judgment of respondeas ouster, as well as where the trial is by certificate or inspection. (Comyns Abat. I. 14.)(c)
Judgment of respondeas ouster.

 But a nonsuit in a prior action, after such action is pleaded in abatement is not a sufficient replication to the plea. Commonwealth v. Churchill, 5 Mass. R. 174.

 “ If the plea be filed without an affidavit to verify it, the plaintiff may treat it as a- nullity and sign judgment, 1 Str. 225, 639 ; 1 T. R. 277, 689 ; 5 T. R. 210 ; 7 T. R. 298, or he may move to set it aside. 1 Str. 638 ; Say. 19, 293 ; 3 Burr. 1617. Although, in a late case, the court of common pleas in England, refused to set aside a plea in abatement, on the ground of the insufficiency of the affidavit, for the reason, that the plaintiff might have considered the plea as a nullity and signed judgment. 2 Moore, 213 ; see 1 Dowl. Pr. Cas. 693.” Gra. Prac. 2d ed. 230. By the Revised Statutes, no plea in abatement, &c., shall be received by any court, unless the party offering such plea shall prove the truth thereof by affidavit, or by some other evidence, 2 R. S. 276, § 21. The facts in a dilatory plea must be positively sworn to, and must be set forth in positive terms : it is not sufficient to swear that the facts are true, “ to the best knowledge and belief,” of defendant. Day v. Hamburgh, 1 Browne, 77. The affidavit must be positive as to the truth of every fact contained in the plea, leaving nothing to be collected by inference. Belief will not answer, but the party must swear without qualification, that the plea is true in substance and matter of fact. Kingsland v. *474 Cowman, 5 Hill, 608. The following form of such an affidavit is given in Humphrey’s Practical Forms, (Albany 1845,) vol. 1, p. 515:
“ [City and] county of . ss : C. D. the above named defendant being sworn, says that the above plea is true in substance and matter of fact. CD.
“ Sworn, &c.”
If a dilatory plea be filed without a verifying affidavit it may be treated as a nullity or the plaintiff may move the court, to set it aside. Richmond v. Tallmadge, 16 Johns. R. 307. Young v. Stringer, 5 Hayw. 32. See Rapp v. Elliott, 2 Dall. 184. So of matter of mere abatement, pleaded in bar. Robinson v. Fisher, 3 Caines’ R. 93. See also 2 Cowen’s Treatise, 2d ed. 677, 678.

 “ Judgment for the plaintiff upon ' demurrer, is not final, but merely a respondeas ouster. 3 Wend. 258; 10 Wend. 424; 1 Johns. Cas. 397 ; S. C. Colem. 97. The sanie rule also formerly applied, with us, to judgment for the plaintiff, upon a replication of nul tiel record,, the issue in such case having been, at one time, triable by the record. 1 Johns. Cas. 397 ; S. C. Colem. 97. The reason of the rule, now, however, has ceased, the issue of nul tiel record being triable, like all other- issues in fact, by a jury, 6 Wend. 512 ; and, consequently, judgment for the plaintiff on a verdict upon such' an issue, is peremptory. As to the time within which the defendant is bound to plead, upon a judgment of respondeas ouster, it is provided by rule, that when there shall have been a judgment of respondeas ouster, on a demurrer to a plea in abatement, and the plaintiff shall have served the defendant with a notice of such judgment, the defendant shall plead within four days from the day of service of such notice, or" his default in not pleading may be entered. Rule 18.” Gra. Prac. 2d ed. 752.