# KELSEY a. WARD.

*Supreme Court, Second District ; General Term, May, 1863.*

LANDLORD AND TENANT.—SUMMARY PROCEEDINGS.—RES ADJUDI-
CATA.—COUNTER-CLAIM.—ANOTHER ACTION PENDING.

An adjudication in summary proceedings by a landlord to recover demised prem-
ises, is conclusive upon the parties in any other litigation between them in-
volving the questions passed upon.

Thus the finding of a jury in such proceeding, that the relation between landlord
and tenant existed between the parties, is conclusive evidence of the existence
of that relation in an action for the rent of the same premises.

A breach of the landlord's contract to improve or repair the demised premises is
no defence to his demand for rent.  It is available only by way of a counter-
claim, or in a cross-action.

To render a plea of another action pending, a valid defence, it must appear, under
the Code of Procedure, as well as under the former system, that the two actions
are for the same identical cause of action.

The pendency of four actions for rent, payable quarterly,—*Held*, no bar to an ac-
tion to recover rent upon the same tenancy, under a claim that it is payable
at the expiration of the year.

Appeal from a judgment.

This action was by Charles Kelsey against Robert M. Ward,
Walter S. Gove, and Edward P. Morris, to recover $1,700, a
year's rent of premises in Brooklyn.  The nature of the action
and the questions involved are fully stated in the opinion.

The defendants appealed.

*Skeffington Sanxay*, for the appellants.—I. The issue pre-
sented by the answer, of " other actions pending for the same
demand," was material, and defendants had a right to offer evi-
dence upon it. (2 *Pars. on Contr.*, 231; Miller *a.* Covert, 1
*Wend.*, 487; Colvin *a.* Corwin, 15 *Ib.*, 557; Bendernagel *a.*
Cocks, 19 *Ib.*, 207.)

II. *Res adjudicata* must be of a matter, and must have arisen
in an action or proceeding, brought *prior* to that in which the
supposed adjudication was made.

III. The city judge had no jurisdiction, and it was competent to show that he had none.

IV. The issue here is as to the performance of the contract to build the addition. The city judge never tried any such question—he had no jurisdiction. 1. Conceding that the defendants had no right to go into evidence, still this would not prove that the plaintiff had performed that contract. The plaintiff can never claim the benefit of an estoppel until he has shown enough to call upon the defendants to go on. 2. The party insisting upon an estoppel must show that the record includes the matter alleged to have been determined. (Campbell *a.* Butts, 3 *N. Y.*, 173.) There can be no such thing as a record of landlord-and-tenant proceedings. 3. The Code requires that the plaintiff shall state and prove the facts constituting his cause of action.

V. Estoppels are allowed only to prevent injustice. For any other purpose they are odious. 1. A party against whom a former judgment is urged may show that it did not relate to the same transaction; and this must be determined by the jury upon the evidence. (1 *Greenl. Ev.*, § 537.) 2. There must be a perfect mutuality between the parties, neither being concluded unless both are alike bound. (*Ib.*, § 522.) 3. The judgment must be on the point directly in issue. (*Ib.*, § 528.) 4. A party is not concluded by a judgment in a prior suit or proceeding, where, from the nature or course of the proceeding, he could not avail himself of the same means of defence, or of redress, which are open to him in the second suit. (*Ib.*, § 524; 1 *Starkie's Ev.*, 214, 215.) 5. No prior judgment is a bar to a subsequent action, if it be shown that the judgment was obtained by a mistake on the part of the plaintiff, which prevented him from trying the action, as an error in respect to the character of the action, or a fault in the pleadings. (2 *Pars. on Contr.*, 230.)

*Britton & Ely*, for the respondents.—I. The evidence introduced by plaintiff established his right to recover. 1. The proceedings taken before Judge Reynolds, he having jurisdiction, were admissible, and might be shown by parol (10 *Wend.*, 87; 13 *Barb.*, 153), and were conclusive as to the matters then in controversy and adjudicated. (White *a.* Coatsworth, 6 *N. Y.*,

137; Harris a. Harris, 36 *Barb.*, 88, 94; Hyatt a. Bates, 35 *Ib.*, 308.) 2. The following facts were then determined : That the addition was built and finished before January 1, 1860 ; that the defendant went into occupancy on that day, and accepted it. 3. The lease having been previously proven, the entry into possession fixed the commencement of the term, and the liability follows.

II. The offer to show that the addition was not built as agreed was not competent, as, if shown, it would have constituted no defence, and was not allowed as a counter-claim or recoupment. Defendants having gone into possession and occupied, they must pay the rent, and either counter-claim or recoup, or bring an action for damage sustained by reason of plaintiff's agreement as to the manner of building the addition. (Lafarge *a.* Mansfield, 31 *Barb.*, 345 ; see Goelth a. White, 35 *Ib.*, 76.)

III. The offer to prove other actions pending was not competent, as, if proven, it would have constituted no defence. It must appear that the actions pending were for the same causes of action as the present, whether of the same or different forms of action or not. (*Saunders' Plead. & Ev.*, 18.) The same cause of action is where the same evidence will support.both the actions, although they happen to be grounded on different writs. (Rice a. King, 7 *Johns.*, 20 ; Johnson a. Smith, 8 *Ib.*, 383 ; Miller a. Manice, 6 *Hill*, 114 ; Gregory a. Burrall, 2 *Edw. Ch.*, 416 ; Martin a. Kennedy, 2 *Bos. & Pul.*, 71.)

By the Court.*—Brown, J.—Some of the questions which arise upon this appeal have already been considered and determined by this court. In the case of The People *on rel.* Robert M. Ward and others *a.* Charles Kelsey, which was a certiorari, brought to review the proceedings brought before the judge of the City Court of Brooklyn by Charles Kelsey to remove his tenants, the present defendants, from the possession of the demised premises mentioned in the pleadings in this action, we decided that the pier which Charles Kelsey agreed to erect for the use of the defendants, by the agreement in writing, of the date of 9th June, 1859, was lands and tenements within the meaning of the Landlord-and-tenant Act, and could

---

* Present, Scrugham, Brown, and Lott, JJ.

Kelsey *a.* Ward.

be the subject of demise to tenants reserving rent therefrom. We also determined that the agreement in writing referred to, was in effect a lease to the defendants Ward, Gove & Morris, and created the relation of landlord and tenant between them and the plaintiff Charles Kelsey, and that having accepted the lease and entered into the possession, they were estopped from disputing Kelsey's title to the demised premises.*

The present action is brought to recover one year's rent for the pier, from the 1st of January, 1860, reserved in the lease or written agreement of the 9th of June, 1859.

The answer first denies the allegations of the complaint, except the execution of the written agreement. It then alleges the pendency of four several actions in the court by the plaintiff against the defendants, to recover $425 in each action, upon the allegation that the rent reserved was payable quarterly ; which actions were then still pending and undetermined, and which were for the same cause of action and claim for which this action is brought. It also set out an agreement in the said written instrument to dredge the slip in front of the Union Stores in the vicinity of the said pier, within a reasonable time, and then alleged the omission and breach of the agreement, claiming $5,000 damages. The answer also set up that the plaintiff entered into and upon the premises so agreed to be dredged out, and erected thereon a nuisance in the form of a large stone and wood crib, and suffered the same to remain and continue, and so obstructed the navigation and depth of the water in the approach to the pier ; claiming damages which accrued thereby, to the extent of $5,000. To the last-named cause of defence, the plaintiff interposed a demurrer, and the issue made thereby was heard at the special term, and judgment thereon rendered for the plaintiff.

To the counter-claim for the breach of agreement to dredge out the slip, the plaintiff put in a reply denying the same, and no proof was given or offered upon the trial, upon the issues thus formed.

The issues of the fact were tried before Mr. Justice Scrugham and a jury at the Kings county circuit in the year 1862. The plaintiff proved the due execution of the agreement or lease of

---

* This decision is reported in People *on rel.* Ward *a.* Kelsey, 14 *Ante*, 372.

the date of the 9th of June, 1859, and the lease therein referred to.   He also proved the summary proceedings under the Landlord-and-tenant Act, before the judge of the City Court of Brooklyn, between Charles Kelsey the landlord, and the defendants in this action, his tenants, and to which I have already referred.   From these proceedings, and the testimony given by George G. Reynolds, Esq., the city judge of Brooklyn, it appears that the questions litigated before the jury were, whether the addition to the pier was built and finished on or before the 1st day of January, 1860, and whether the tenants accepted it at that time, and entered into the possession thereof.   The judge instructed the jury,—he said : "That if they found it was completed, and the parties went into the occupancy and accepted it at that time, the question whether it was finished in accordance with the terms of the agreement could not be determined in these proceedings."   The jury found in favor of the landlord, and thus affirmed two facts :—1, that the addition was built and finished before the 1st of January, 1860 ; 2, that the defendants (the tenants) went into occupancy on that day, and accepted the pier, and thus became the tenants of the landlord, Charles Kelsey, at the rent reserved.   Upon these two questions the summary proceedings were an adjudication, which precluded the defendants from litigating them in the present action.   They were *res adjudicata*.   (Lawrence *a.* Hunt, 10 *Wend.*, 80; Barker *a.* Rand, 13 *Barb.*, 152 ; White *a.* Boatsworth, 6 *N. Y.*, 137 ; Hyatt *a.* Bates, 35 *Barb.*, 308.)

The offer of the defendants to show that the pier was not built in the manner provided by the agreement, was inadmissible to establish that the relation of landlord and tenant, in respect to that, did not exist; because, having accepted it and entered into the possession, they were concluded.   Nor was it a defence to the action for the rent.   It was not alleged as a counter-claim, or a claim by way of recoupment.   Their only other remedy for the omission to construct the pier according to the terms of the agreement, was by an *action to recover* damages for the breach, if it really existed.

The defendants' counsel next offered to prove the pendency of the other actions referred to in his answer.   This evidence was objected to, and the objection sustained by the court, and the defendants excepted.   To constitute a good plea of *autre*

*action pendant*, either in bar or abatement, under the old system of pleading, it must appear that the suit pending was for the same identical cause of action as that in which the plea was interposed. The rule must still be the same in respect to an answer. Tested by this principle, the proof offered was inadmissible. This action is for a year's rent, the complaint setting out a lease reserving rent yearly. The actions which the defendants claim are pending for the same cause, are said in the answer to be upon a contract for rent payable quarterly, and are each for one quarter's rent. It is evident they are not for the same identical cause of action as that for which the present suit is brought.

We think the judge did right to order the jury to find a verdict for the plaintiff for a year's rent, and the interest, and the judgment thereon should be affirmed.