ELIZABETH A. L. HYATT, Respondent and Appellant, *v.* JOSHUA K. INGALLS et al., Respondents and Appellants.

Where, by an agreement between the parties, a patentee grants to a licensee the right to make and sell his inventions, and the licensee acknowledges the validity of the patent and stipulates to pay royalties, an action to recover the royalties does not arise under any act of congress in relation to patents, and is within the jurisdiction of the state courts.

In such an action, where part of the relief demanded is a rescission of the agreement because of defendant's breach of the contract, and that relief is granted, plaintiff is entitled to an accounting and payment of royalties up to the time of the entry of judgment, but relief by injunction against future acts on the part of defendant will not be granted.

A patent, for an improvement in illuminated basements and basement extensions, sidewalks, roofs, etc., was issued to plaintiff in 1867, and reissued in 1878. By an agreement made in November, 1878, plaintiff granted to defendants the exclusive right to manufacture and sell within certain territorial limits the illuminated tile work covered by the patent and its reissue. It was provided that the license should last during the continuance of the patent, or any extension or renewal thereof. The licensees recognized the validity of the patent, and expressly consented that it might be reissued by plaintiff as often as she should choose to do so. Defendants agreed to pay a specified royalty for tiles or plates used for the purposes specified in the patent. They manufactured and sold the patented articles, and up to August 1, 1881, paid royalties thereon. In September, 1881, plaintiff obtained a reissue of the patent, and thereafter defendants refused to pay royalties, although they continued to manufacture and sell. Plaintiff thereupon notified them that the license was forfeited. In an action to procure a cancellation of the agreement, an accounting and payment of royalties, and an injunction restraining defendants from selling or using the articles embraced in the patent, defendants set up as a defense that the reissued letters patent were void because they embraced other clauses than those covered by the previous letters, and omitted specifications and claims which were in the latter, and that the state court had no jurisdiction. *Held*, that the action did not arise under any law of congress relating to patents, and was within the state jurisdiction.

Also *held*, that defendants having acknowledged the validity of the patent and consented to a reissue thereof, were estopped from questioning it.

Also *held*, that while the reissued letters were apparently broader than the former ones, yet as they substantially embraced the claims represented

by the latter, they were invalid only as to the excess, and so defendants were not prejudiced by the reissue; and that as it was a matter simply of comparative construction of the different letters, it could be passed upon by the state court.

Also *held,* that the service of the notice of forfeiture given by plaintiff and the claim of forfeiture in the complaint did not destroy the effect of the contract as an estoppel, as defendants continued thereafter to use and sell the patented articles in the manner authorized by the license; and that they could not assert as a defense that in doing so they did not proceed under it.

It appeared that in January, 1882, plaintiff brought an action against defendants to recover royalties for the quarter ending November 1, 1881, and such action was pending at the time of the commencement of this action. The recovery in this action included the royalties for that quarter. It appeared, however, that several years before the referee's report was made, upon which final judgment in this action was entered, the former action was discontinued by the consent of defendants' attorneys. *Held,* that the defense of a former action pending was not available.

The referee refused to find that defendants were liable to account for illuminating tiles when they had inserted glasses in iron which were adapted or could be used for illuminating roofs of areas or basement extensions, and had not shown they were so used; he also refused to find that they were liable to account for all such tiles adapted to such use, manufactured and sold by them to others to be used, as the defendants had not shown were so used. *Held,* no error; that while it was defendants' duty to account for all sales of tiles which were used for the licensed purposes, they were not chargeable under the contract for tiles sold which were not so used, or because they did not know to what use they were in fact applied; and that the burden was upon plaintiff to show that tiles sold by defendants were used for the purposes specified, to entitle her to royalties thereon.

(Argued December 8, 1890; decided January 14, 1891.)

CROSS-APPEALS from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 7, 1888, which affirmed a judgment in favor of plaintiff entered upon the report of a referee appointed in pursuance of an interlocutory judgment herein, which interlocutory judgment was modified and affirmed as modified by an order of the General Term, made December 3, 1883, which order was also brought up for review.

The action was founded upon alleged rights secured to the plaintiff by letters patent of the United States of date August 27, 1867, and reissued August 6, 1878, for the improvement in illuminated basements and basement extension sidewalks, roofs, etc., and upon agreements between her and the defendants, and the relief sought was that the defendants account to her for royalties under the alleged agreement and license; that such agreement and license be declared forfeited, and that the defendants be enjoined from manufacturing, selling or using the articles embraced in such letters patent.

On November 21, 1878, the plaintiff, with Thadeus Hyatt and Theodore Hyatt, entered into an agreement with the defendants and other firms reciting that letters patent were granted to the plaintiff on the application of Thadeus Hyatt, August 27, 1867, and reissued August 6, 1878, and whereby they agreed to license the defendants and such other firms under such letters patent to manufacture or sell to be used in the territory there mentioned, the illuminating tile work covered by such letters, and to license no other party without their consent in such territory. And the plaintiff agreed not to engage in manufacturing tiling for or laying any basement extension, nor tiling of any kind covered by such letters patent, and Thadeus and Theodore Hyatt joined with her in such agreement with certain qualifications. The defendants and such other firms agreed to pay the plaintiff thirty cents per square foot of the illuminated tiles or plates used, of which they were to render accounts quarterly on first of February, May, August and November to the plaintiff. This instrument contained other provisions which it is now unnecessary to mention. On the same day the plaintiff entered into a further agreement with the defendants reciting as in the other, and further that the plaintiff had by the other agreement agreed to give and the defendants to take a license under such patent to make illuminated basements and basement extensions and to manufacture illuminating materials of the same. Then followed these provisions:

" Art. 1. The said Joshua K. Ingalls and Jacob Mark hereby

acknowledge the validity of the said letters patent to the said Elizabeth Adelaide Lake Hyatt.

" Art. 2. The said Joshua K. Ingalls and Jacob Mark consent that the said E. A. Lake Hyatt may without prejudice to this agreement hereafter reissue when and as often as she shall choose, the said patent of August 27, 1867, as reissued 6th August, 1878."

Then it proceeded that the plaintiff on the terms and conditions therein mentioned licensed the defendants to manufacture and sell at any place within such territory ; that the license should not be transferred without her consent, etc. ; that the defendants should at the end of each quarter render an account in writing under oath to the plaintiff and make payments for all illuminating work sold and sent away from their premises to be used for the purpose of making illuminating basements and basement extensions ; that if either party should knowingly and intentionally violate the agreement such party should forfeit all rights under it ; and that the agreement should be valid and binding during the continuance of the letters patent and any extension of them. The parties proceeded under these contracts and license, and the defendants paid the royalties until in 1879, when a controversy arose between them in which were involved the other parties to the first mentioned agreement, and suits were commenced. Afterwards on November 24, 1880, the matters were compromised, and a further contract entered into between all the parties reciting the fact that controversies had arisen whereupon they made the supplemental agreement to the effect, that the agreement first above mentioned, was ratified and reaffirmed except so far as it was inconsistent with the provisions of this one ; that such suits should be discontinued ; that the plaintiff discharged the defendant's firm of Mark & Ingalls and all the other firms and each of them from the payment of all royalties under their several licenses of November 21, 1878, for the period of six months ; that nothing in the agreement or licenses shall bind them to the payment of royalties for roofs or roof lights, other than basement extension roofs, until such other

roofs or roof-lights shall have been judicially determined to be covered by the patent.   The defendants rendered their accounts to the plaintiff up to and not later than November 12, 1881, and paid her royalties to and not after August 1, 1881.   In January, 1882, the plaintiff caused to be served upon the defendants a notice as follows :

" Messrs. INGALLS & MARK :

" GENTLEMEN — In view of your failure to make return in writing and payments of royalties to me as required by the license granted by me to you November 21, 1878, under my patent for improvement in illuminated basements, basement extensions, etc., and your expressed determination not to make any further such returns or payments I herewith notify you that I deem the said license forfeited by you and as no longer existing.             Yours, etc.,

                    "E. A. L. HYATT,

                       " By WM. F. SCOTT, her Atty.

" Dated NEW YORK, *January* 14, 1882."

This action was commenced in October following.   And the trial court directed judgment forfeiting the defendants' license and forever restraining them from manufacturing, etc., illuminating roofs, roof pavements, basements, basement extensions, etc. ; also that the plaintiff have an accounting and a reference for that purpose ; and that she recover the amount found due her for royalties, with interest and costs, and interlocutory judgment was entered accordingly.   On appeal from that judgment the General Term so modified it as to strike out the injunctive relief granted, and as to limit the time of accounting to that between November 1, 1881, and the time of entry of the interlocutory decree, and as so modified it was affirmed. Then followed an extended hearing before the referee, his report, final judgment, and its affirmance.

Further facts are stated in the opinion.

*George W. Van Slyck* for plaintiff.   The questions involved upon the appeal herein from the interlocutory judgment were

passed upon in plaintiff's favor by this court in the case of this plaintiff against the Dale Tile Manufacturing Company. (125 U. S. 46; 106 N. Y. 651.) The service of the notice by the plaintiff on January 12, 1882, declaring the license forfeited, is no bar to this suit. (*U. Mfg. Co.* v. *Lounsbury*, 41 N. Y. 363; *Hartell* v. *Tilghman*, 99 U. S. 547; *Adams* v. *Meyrose*, 2 McCreary, 360.) The plea of a former action pending, as a bar up to November 1, 1881, is not sustained by the complaint put in evidence. (*Stowell* v. *Chamberlain*, 60 N. Y. 272; *Kelsey* v. *Ward*, 16 Abb. Pr. 98–103; 38 N. Y. 83; 1 Barb. Ch. 125; 1 Daniels' Ch. 632; Story on Eq. Pl. § 736; *White* v. *Smith*, 7 Hill, 520; *Averill* v. *Patterson*, 10 N. Y. 500; 3 How. Pr. 414; 15 N. Y. S. R. 794.) By the acceptance of a license and agreement to pay royalty for the use of a patented device, the defendants are precluded from showing the invalidity of the patent in an action for the recovery of royalty. (*Marston* v. *Swett*, 66 N. Y. 206; 82 id. 530; *Hyatt* v. *D. T. M. Co.*, 8 N. Y. S. R. 631; *Skinner* v. *W. A. W. M. & R. Co.*, 14 id. 317; *P. M. Co.* v. *Owsley*, 27 Fed. Rep. 108; *Starling* v. *S. P. P. Works*, 32 id. 290.) The defendants are liable to account for all tiles adapted for covering basement extension, and manufactured and sold by them, or manufactured and used by them, which they have not shown were actually used for purposes other than basement extension, or how much material was to be used. (*R. Co.* v. *Goodyear*, 9 Wall. 864; Walker on Patents, § 719; *Root* v. *R. Co.*, 105 U. S. 214; *Miller* v. *Whilton*, 36 Me. 585; *Lupton* v. *White*, 15 Vesey, 440; *Dexter* v. *Arnold*, 2 Sum. 108; *Copeland* v. *Crane*, 9 Pick. 73, 79.) The defendants are liable upon the same principle as contributory infringers are in infringement cases. This principle of contributory infringement is of great antiquity and universally supported. (*Wallace* v. *Holmes*, 9 Blatchf. 65; *Richardson* v. *Noyes*, 10 Pat. O. Gazette, 507; *Bowker* v. *Dows*, 2 B. & A. 518; *A. Co.* v. *Payne*, 27 Fed. Rep. 559; *Travers* v. *Beyer*, 26 id. 450; *C. Co.* v. *Simms*, 106 U. S. 89; 1 Black, 427; 1 Wall. 78.) The subsequent acts of the parties with reference to the construction of their

Statement of case.

contract obligations are controlling upon them. (*City of Chicago* v. *Sheldon,* 9 Wall. 40; *Nickerson* v. *A. T. & S. F. R. R. Co.,* 17 Fed. Rep. 408; 3 McCrary, 455; *Boody* v. *R. & B. R. R. Co.,* 3 Blatchf. 25; 24 Vt. 666; *Reading* v. *Gray,* 5 J. & S. 79; *Stokes* v. *Recknagel,* 6 id. 368; *Beachem* v. *Eckford,* 2 Sandf. Ch. 116; *H. & N. H. R. R. Co.* v. *N. Y., N. H. & H. R. R. Co.,* 3 Robt. 411; *Gray* v. *Gannon,* 4 Hun, 57; *Kester* v. *Reynolds,* 6 id. 626.)

*Edward D. McCarthy* for defendants. This is an infringement suit in its whole scope and meaning. An infringement of a patent is the manufacture, use, or sale of the protected invention by any person not duly authorized to do so. These are the very acts which the plaintiff alleges that the defendants have committed. If, therefore, the reissued patent of 1881 was valid, the defendants, by their refusal to recognize it and to pay fees, became infringers and liable to be perpetually enjoined. Over such an action, the Federal Courts have exclusive jurisdiction. (*Kayser* v. *Arnold,* 41 Hun, 275; *C. S. S. Co.* v. *Clark,* 100 N. Y. 365; *Kelly* v. *K. S. Mfg. Co.,* 15 Bradw. 547; *Smith* v. *S. L. M. Co.,* 22 O. G. 587; 20 Blatchf. 360; 19 Fed. Rep. 825; *Campbell* v. *James,* 18 O. G. 1111; 2 Fed. Rep. 338; 18 Blatchf. 92; 5 B. & A. 354; *Satterthwaite* v. *Marshall,* 4 Del. Ch. 337; *Meserole* v. *U. P. C. Co.,* 3 Fish, 483; 6 Blatchf. 356; *Bloomer* v. *Gilpin,* 4 Fish, 50; *B. G. Co.* v. *B. & S. Co.,* 36 Fed. Rep. 309; 29 id. 295; 32 id. 627; *S. C. Co.* v. *Sheldon,* 5 Fish, 477; 10 Blatchf. 1; *C. P. Co.* v. *Wolf,* 28 Fed. Rep. 814; 37 O. G. 567; *Bell* v. *McCullough,* 1 Fish, 380; 1 Bond, 194; *H. S. Mfg. Co.* v. *Porter,* 34 Fed. Rep. 745; *Cohn* v. *N. R. Co.,* 3 B. & A. 568; 15 O. G. 829; *Moody* v. *Faber,* 5 O. G. 273; Holmes, 325; 1 B. & A. 41; *Starling* v. *S. P. P. Works,* 41 O. G. 818; 32 Fed. Rep. 290; 127 U. S. 376; 43 O. G. 1350; *Covell* v. *Bostwick,* 39 Fed. Rep. 421; *Brooks* v. *Stolley,* 3 McLean, 525; *Woodworth* v. *Weed,* 1 Blatchf. 165; *Goodyear* v. *I. R. Co.,* 4 id. 66; *Wilson* v. *Sherman,* 1 id. 536.) Plaintiff was bound to sue

either for an injunction and account or for fees, as the defendants cannot be treated both as infringers and licensees. (*Miller* v. *Tuska*, 87 N. Y. 169 ; 49 id. 168 ; *Shelley* v. *Brannan,* 4 Fish, 198 ; 2 Biss. 315 ; *Goodyear* v. *Hills*, 3 Fish, 134 ; *Porter* v. *Muller*, 2 id. 463 ; *Goodyear* v. *Day*, 2 Wall. 283 ; 24 Blatchf. 269 ; 38 Fed. Rep. 747 ; 3 B. & A. 578 ; *Miller* v. *B. Co.*, 104 U. S. 350.) If the bill had not contained the demand for an injunction, but only for an account of profits and royalties, the local court would still have been powerless. The demand for an account of profits and royalties, of itself, presupposes an infringement and right of injunction. (*Root* v. *R. R. Co.*, 105 U. S. 194 ; *Colburn* v. *Simms*, 2 Hare, 554 ; *Parrott* v. *Palmer*, 3 M. & K. 632 ; *Smith* v. *L. & S. W. R. R. Co.*, Kay, 408 ; *Baily* v. *Taylor*, 1 R. & M. 73 ; *Crossley* v. *Beverly*, Web. P. C. 119 ; Daniel's Ch. Pr. 1797 ; *Stevens* v. *Hadding*, 17 How. Pr. 455.) No Court of Equity, whether State or Federal, will entertain an action of accounting between a licensor and his licensee. (*Root* v. *R. Co.*, 105 U. S. 207 ; *Marvin* v. *Brooks*, 94 N. Y. 80 ; *E. Co.* v. *B. Co.*, 11 Wall. 488.) If the equity could intervene to adjudge this worthless paper to be canceled, which both parties had abrogated, which was not assignable, and which contained no element of a trust, then it could entertain jurisdiction of any contract whatsoever, which was evidenced by a written paper. (*Field* v. *Holbrook*, 6 Duer, 597 ; 75 N. Y. 397.) The answer alleges that the last reissue was invalid. The question thus presented is a federal question, and a state tribunal cannot entertain it. (103 U. S. 603.) Not one act or word of the defendants exists on which estoppel can be predicated. (*Woodworth* v. *Cook*, 2 Blatchf. 160 ; *Burr* v. *Duryee*, 2 Fish, 283.) It was error to allow the plaintiff $632, a sum alleged to be due on account stated up to November 1, 1881. (*Gresham* v. *Lyon*, 16 Barb. 465 ; *Dawley* v. *Brown*, 9 Hun, 461 ; *McCloskey* v. *Hamnil*, 15 Fed. Rep. 750.) The original patent of 1867, the reissue of 1878, and the reissue of 1881, are now before the court, and if the question were *res nova* still, an inspection and comparison of the papers, with their specifications and claims, show

that the reissue is absolutely void. (*Russell* v. *Dodge*, 93 U. S. 460; *Powder Co.* v. *Powder Works*, 98 id. 126; *W. & M. Co.* v. *Wilson*, 16 J. & S. 160; *Driven Wells Cases*, 16 Fed. Rep. 387–394, 399; *B. W. P., W. & M. Co.* v. *Fuchs*, Id. 667; *Gould* v. *Spicer*, 15 id. 344; *S. M. Co.* v. *Goodrich*, Id. 455; *Moffett* v. *Rogers*, 106 U. S. 423; *Turner* v. *Dover Co.*, 111 id. 319; *White* v. *Dunbar*, 119 id. 47; *Miller* v. *Brass Co.*, 104 id. 350, 352, 355; *Mahn* v. *Harwood*, 112 id. 354; 21 Blatchf. 66, 67; *R. R. Co.* v. *Mellon*, 104 id. 118; *Wing* v. *Anthony*, 106 id. 145; *Gosling* v. *Boberts*, Id. 39; *L. Co.* v. *Higgins*, 105 id. 580; *Bautz* v. *Frantz*, Id. 160–164; *Matthews* v. *M. Co.*, Id. 54–57.) The plain language of the contract shows that the referee erred in charging defendants for roof coverings over area-ways. (*Miller* v. *B, Co.*, 104 U. S. 352; 106 id. 145.) The contention that this tile is a necessary part of an illuminating roof, and that an illuminating roof covers an extended basement, and that an extended basement is the thing invented; *ergo*, that every tile which we sold must be accounted for now because it might be used to light an extended basement, is erroneous. (16 Pet. 336–341; 1 Black, 427; 1 Wall. 78, 79; 1 Curtis, 260–279.)

BRADLEY, J. The defendants' appeal goes to the foundation of the action. The plaintiff's appeal has relation only to the subject of the direction given for the accounting of the defendants. The plaintiff, by her complaint, referred to and set forth the granting to her of the letters patent of 1867, the reissuing of them in 1878 and in September, 1881, the agreements with the defendants and the license to them to make illuminating basements and basement extensions under such patent, and alleged that they did sell such work and render accounts quarterly up to November 1, 1881; that they had not paid royalties for the quarter ending on that day; that since then they had refused to render any account; and that they had repudiated their agreement and asserted their right to manufacture and sell such illuminating work without the license and consent of the plaintiff; and she further alleged that the

defendants intentionally violated their agreement, and by virtue of the terms and conditions of it and the license, and by reason of such refusal, the rights and privileges of the defendants under those instruments have ceased and become wholly forfeited; that by the continuance of the manufacture and sale by them of the patented articles, and the use and operation by them of the license, the plaintiff was at the time of the commencement of the action suffering irreparable injury and damage; and that the plaintiff has kept and performed such agreements and license on her part. The defendants, amongst various matters of defense, alleged that the letters patent reissued in September, 1881, were void, because they embraced more and other claims than were included in the reissue of 1878, and omitted specifications and claims which were in the latter.

It is contended by the defendants' counsel that this suit was for alleged infringement of letters patent, and that the state court had no jurisdiction of the subject-matter; and the defendants alleged that the issue made by the portion of the answer before mentioned denied to such court jurisdiction to try it. If this were an action for infringement of letters patent, presenting a controversy arising under the patent laws of the United States, it would be a case exclusively in the jurisdiction of the Federal Court. But while the allegations of the complaint contain elements of an action for infringement of the plaintiff's patent, it may be observed that it is founded upon a contract between the parties, and the forfeiture sought is for a breach of such contract by the defendants. In that view the controversy does not arise under any act of congress in relation to patents, and is within the state jurisdiction. (*Hartell* v. *Tilghman*, 99 U. S. 547; *Dale Tile Mfg. Co.* v. *Hyatt*, 125 id. 46; *Continental Store Service Co.* v. *Clark*, 100 N. Y. 365.) It is urged, however, that the issue as to the validity of the letters patent alleged to have been reissued in 1881, is one not within the jurisdiction of the state court; and, at all events, that the plaintiff was not entitled to recover upon the evidence bearing upon that issue. The original letters were those of

1867, and the practical purpose of a reissue is to make the description of the invention more clear, plain and specific, and to rectify any mistakes inadvertently made in the original (*Russell* v. *Dodge*, 93 U. S. 460), but the claim of the patentee in them cannot be effectually enlarged, and so far as it is made substantially to represent a new claim, or one greater than that included in the orignal patent, the reissue is void. (*Miller* v. *Brass Co.*, 104 U. S. 350; *White* v. *Dunbar*, 119 id. 47.) And if the reissue fail to include the entire claim embraced within the original letters, the portion omitted may be deemed dedicated to the public and lost to the patentee. (*Turner* v. *Dover S. Co.*, 111 U. S. 319.) In view of these general principles applicable to patents and to the surrender and reissue of letters, it is argued that by the surrender of those of 1878, existing when the license was made, the right to protection under them was not only lost to the defendants, and all rights founded upon them denied to the plaintiffs, but that those reissued in 1881 were not effectual to support either, because they were broader in their claims, description and specifications, and, therefore, invalid. Whether substantially so or not, it is true that the letters reissued in 1881 were apparently broader and more comprehensive in those respects than were the letters of 1878. But the former embrace the claims represented by the latter substantially and with sufficient distinctness to preserve them within the principle that the reissue of letters patent embracing more than did those surrendered, will be deemed invalid as to the excess, or new claim only, embraced in the latter; and, therefore, the defendants were not prejudiced by such reissue. (*Gage* v. *Herring*, 107 U. S. 640.) This is matter of comparative construction of the two reissues. Beyond that it may be that the determination of the question of the validity of the reissue of 1881 is exclusively within the jurisdiction of the Federal Court. But the present case is relieved from the embarrassment of that question by the contract between the parties, by which the defendants expressly acknowledged the validity of the letters patent as they existed when the contract and lease were made, and stipu-

lated that the plaintiff might, without prejudice to such agreement, thereafter when and as often as she should choose, reissue such patent of 1867 as reissued in 1878.

It is, however, urged that the agreement and license are not effectual to estop the defendants in that respect, because the plaintiff, by her notice to them to that effect, as was her right to do, had declared their license forfeited and as no longer existing, and not only that, but by allegation in her complaint she charged that the rights and privileges of the defendants under the license were forfeited. This notice may have enabled the defendants to surrender up the license and terminate their relation as licensees. This they did not offer to do, or give the plaintiff any notice to that effect, but continued to use and sell the patented articles in the manner authorized by the license. They are not, therefore, permitted to effectually assert, as a defense, that they did not proceed under it in doing so. (*Union Mfg. Co.* v. *Lounsbury,* 41 N. Y. 363.) The forfeiture alleged in the complaint and sought for by the action, was a right in recognition of and arising upon the contract and founded upon its breach; and although such was expressly given by the contract, it did not necessarily depend upon its terms in that respect, but was properly derivable from a substantial violation of its provisions by the defendants. There was, therefore, nothing essentially of the subject-matter or purpose of the action, which barred the controversy from the State Court or brought it within Federal jurisdiction. (*Hartwell* v. *Tilgham,* 99 U. S. 547.) And the defendants having entered into the contract with the plaintiff and taken from her a license to use and sell the subject of the patent, cannot for the purposes of their defense to an action to recover the royalties, question the validity of her patent. (*Marston* v. *Swett,* 66 N. Y. 206; 82 id, 527; *Hyatt* v. *Dale Tile Mfg. Co.,* 8 N. Y. S. R. 631; 106 N. Y. 651; 125 U. S. 46.)

As contended by defendants' counsel an action for an accounting for the royalties is not one of equitable cognizance as it involves no trust, but is simply an action to recover the amount due from a debtor to a creditor upon a contract for the pay-

ment of money. This claim of the plaintiff was not merely incidental to or dependent upon the equitable relief asked for in her complaint, although properly united with it. No objection was taken by answer or otherwise to the determination of that portion of the cause of action and the relief, founded upon the theory that the injunctive relief demanded was not available. Nor so far as appears was any such question raised in that respect to the accounting, although the General Term had modified the interlocutory judgment by striking out such injunctive relief given by it. No such question, therefore, is here for consideration. (*Town of Mentz* v. *Cook*, 108 N. Y. 504.) There was, however, another demand for equitable relief to the effect that the license to the defendant be rescinded, and the provision of the decree so determining and directing remains effectual. This certainly rendered the injunctive part of it unnecessary or improper, because on the judicial rescission of the license, the defendants could not further proceed under it, and the court had no power to restrain the defendants from acts of mere infringement of the plaintiff's patent. There is no occasion to consider further the questions raised on this review in respect to the form of the action.

The main exceptions taken by the defendants to the accounting as directed by the referee, confirmed by the final judgment and affirmed by the General Term, had relation to what was the illuminating work referred to in the license. This was somewhat a matter of interpretation of the "phrase basements and basement extensions" as used in that instrument. While the plaintiff claimed that it included the illuminating covers of areas as well as basements extended beyond and under sidewalks, the defendants insisted that it did not include areas. The referee's finding supported the plaintiff's claim in that respect. The method of making such extension effectual was to take down the front wall of the area and put in its stead an iron girder supported by the lateral walls or by columns or both and over the extension as well as over that which before was the area putting the illuminating tile, made of iron and glass, thus furnishing sidewalk, treads, platform, and risers

made of iron and glass, having suitable strength and durability for such purposes, and supplying light to the basement and its extension. The import of the provision of the license descriptive of the work, its application and extent in that respect, is not defined with entire clearness by the words used, and whether or not the basement extensions embraced areas was a question of fact upon which the finding of the referee was not without evidence for its support. And as bearing upon the intent of the parties, and in aid of such construction of the instrument in that respect, it appeared that in accounts which the defendants had voluntarily rendered and paid to the plaintiff pursuant to the license, were included royalties for illuminating work over areas. The determination of that question of fact in the court below must be deemed conclusive. And the question (subordinate to that just mentioned) whether a public use of such covering of areas by the inventor before his application was made for a patent, had not defeated the right to take an effectual one for it as applied to them, may also have been a question of fact. The conclusion was warranted that such use was in good faith for experimental purposes, and, therefore, not prejudicial to the patentee. (*Elizabeth* v. *Pavement Co.*, 97 U. S. 126.) The method of making and allowing to be made, objections to the defendants' account and of surcharging by the plaintiff and the manner of treating them by the referee, was a matter of practice not subject to the review of this court inasmuch as there was evidence to support the allowance of the account as made and determined by him.

The only further question upon the defendants' appeal requiring consideration arises upon their defense alleged of a former action pending at the time this one was commenced. It appears that in January, 1882, an action was brought by the plaintiff against the defendants in the Court of Common Pleas of the city of New York, to recover the royalties due for the quarter ending November 1, 1881, and that such action was pending at the time the interlocutory decree was entered. It will be observed that such action did not and could not embrace within its purpose the entire claim for royalties for

which this action was brought, and for which recovery was had. The recovery in this action included them up to April, 1883. The allegation of the pendency of the former action at law could not, therefore, be treated as a complete defense. And it seems that several years before the referee's report was made, upon which final judgment was entered, that action was, by the consent of the defendants' attorneys in it, discontinued. In view of those facts, there was no error available or prejudicial to the defendants founded upon such alleged defense in the entry of final judgment for the entire amount due the plaintiff for royalties. (*Kelsey* v. *Ward*, 16 Abb. Pr. 98; *Marston* v. *Lawrence*, 1 Johns. Cas. 397; *Averill* v. *Patterson*, 10 N. Y. 500.)

The plaintiff's appeal from the portion of the judgment affirming the part of the final judgment appealed from by her is founded upon her exceptions to the refusal of the referee to find that the defendants were liable to account to the plaintiff for illuminating tiles where they had inserted glasses in iron, which were adapted or could be used for illuminating roof of areas or basement extensions, and had not shown they were not so used. Also, that they were liable to account for all such tiles adapted to such use manufactured and sold by them to others to be used, as the defendants had not shown were not so used. The license to the defendants was not to merely manufacture and sell, and the patent, as represented by the license, was simply one of construction or combination. That is to say, they were to pay royalties for the use made of the illuminating tiles in the construction of coverings or roofs over basement extensions. They were not chargeable under the contract for such tiles sold unless they were applied to such use. And although adapted to that use they were equally applicable to illuminating roofs on other parts of buildings, over vaults, etc. The plaintiff's contention is that the burden was with the defendants to relieve themselves from liability to account for all such tiles as they sold to or glaized for others to be used; and that so much as they failed to prove were not used for such purpose they must account for. It is

true it might be difficult for the plaintiff to trace to its destination the tile sold by the defendants over the territory mentioned in their license to see to what use it was applied, and it was less difficult for the defendants to know where it was taken by the purchasers, but they, no more than the plaintiff, could control the use made of the articles by the purchasers. There was no violation of any trust relation on the part of the defendants in making the sales for any purpose. And for anything appearing in the contract with the plaintiff it was their right to do so. While it was their duty to account for all of their sales which were used for the licensed purposes, they were not necessarily chargeable in that respect for certain of the tile sold by them, merely because they did not know or had not ascertained to what use they were in fact applied. It is unnecessary to determine what bearing a purpose of the defendants, by suppression, to defraud the plaintiff may have had upon the proposition, as no such question is presented for consideration. There was no error in the refusal of the referee to find as so requested.

The judgment should be affirmed, without costs to either party.

All concur.

Judgment affirmed. _____