JACOB MARK, APPELLANT, *v.* ELIZABETH A. L. HYATT AND ANOTHER, RESPONDENTS.

*Torts — action against persons for procuring an injunction from a court having no jurisdiction — when it will lie.*

An action was brought against a woman and against her husband, who had assisted her, for a wrong alleged to have been committed by them, in that they procured in another action against the plaintiff an injunction, which the court, to which application was made therefor, had no power to grant.

*Held,* that the action would not lie in the absence of proof that the husband and wife knew that said court was without jurisdiction.

APPEAL by the plaintiff Jacob Mark from a judgment, entered in the office of the clerk of the county of New York on the 26th day of May, 1890, in favor of the defendants for costs and an allowance, after a trial before the court at the New York Circuit, at which the complaint was dismissed, with costs.

*Edward D. McCarthy,* for the appellant.

*George W Van Slyck,* for the respondents.

BARTLETT, J :

This controversy grows out of a suit in the Superior Court relating to certain patents of Elizabeth A. L. Hyatt, under which she had granted licenses to the firm of Ingalls & Mark, consisting of Joshua K. Ingalls and Jacob Mark. In that suit Mrs. Hyatt alleged that Ingalls & Mark had broken their agreement with her and she sought a rescission of the license, an accounting for the royalties and injunctive relief, all of which were awarded her by the judgment. Mr. Mark was served with a copy of the judgment containing the

injunction against any further use, manufacture or sale of the articles protected by the patents; and acting under the advice of counsel he obeyed it, thereby suffering some pecuniary injury, although the case does not disclose how much. He instituted the present action against Mrs. Hyatt and her husband, who assisted her in the Superior Court suit, to recover damages for the wrong which he alleges they committed against him in procuring an injunction which the Superior Court had no jurisdiction to grant.

The proposition of the learned counsel for the appellant that the Superior Court had no authority to take cognizance of the case of *Hyatt* v. *Ingalls* at all, is not open to discussion since the decision of the Court of Appeals to the contrary. (*Hyatt* v. *Ingalls*, 124 N. Y., 93.) The most that can be claimed is that the part of the judgment which enjoined the use, manufacture or sale of the patented articles was in excess of the jurisdiction of the State court. At the circuit Mr. Justice BARRETT refused to hold, as matter of law, that this injunction was null and void; but he expressed the opinion that even if it were so the plaintiff was not entitled to maintain the present action, inasmuch as he was in no wise injured by the restraining order, which there never was any attempt to enforce, and which, if made without jurisdiction, amounted to nothing more than a futile judicial threat. He, therefore, dismissed the complaint.

While it is clear that the injunction in the Superior Court was erroneously granted, it is not clear that it was granted without jurisdiction. The Court of Appeals speaks of the injunctive part of the decree as "unnecessary or improper, because on the judicial rescission of the license the defendants could not further proceed under it, and the court had no power to restrain the defendants from acts of mere infringement of the plaintiff's patent." (*Hyatt* v. *Ingalls*, *supra*.) This language indicates that if the purpose of the injunction was simply to restrain any further action on the part of the defendants under the rescinded agreement, the injunction would not be deemed void, although it was needless.

But, however this may be, the dismissal of the complaint may be sustained on the ground that even if the Superior Court did act without authority in granting the injunction, the parties who procured it cannot be held liable, in a suit of this character to charge

them as wrong-doers, without proof that they were aware of the lack of jurisdiction. Such is the rule laid down by the General Term of the fourth department in *Eldred* v. *Fawdrey* (16 N. Y. St. Rep., 83). That was a suit to recover damages for a prosecution for libel alleged to have been maliciously instituted in the court of a justice of the peace, and it was held that the burden was upon the plaintiff to show that the defendant knew that the Justice's Court had no jurisdiction to try the action for libel which he brought in that tribunal. In the case at bar not only did the plaintiff fail to establish his allegations of malice, but the entire course of the defendants in prosecuting the Superior Court suit shows that they must have sincerely believed that the court had jurisdiction.

I think the judgment should be affirmed.

Van Brunt, P. J., concurred in the result.

Judgment affirmed.