## MONTGOMERY v. WATERBURY et al.

(Superior Court of New York City, General Term. January 3, 1893.)

1. PLEADING AND PROOF—VARIANCE—SURPRISE—WAIVER.

Under a complaint alleging a license to use a patented process, and seeking to recover its reasonable value, the admission of evidence showing an agreement between plaintiff and defendants that plaintiff, as superintendent of defendants' factory, should use the patented process in defendants' business for a specified compensation, in addition to his regular salary, is no ground for reversal, where defendants made no claim at the trial that they were in any way surprised by the proof, and raised no objection on the ground of variance until after the close of the evidence on both sides.

2. PATENTS FOR INVENTION—LICENSEE—ESTOPPEL TO ATTACK PATENT.

One who has used a patented process under an agreement to pay a specified compensation therefor is estopped to set up the invalidity of the patent in an action for the compensation, though the agreement did not, in express terms, bind him not to question the validity of the patent.

3. SAME—VALUE OF LICENSE.

A license to use a patented process for the term of one year fixed the patentee's compensation at 10 per cent. of the value of the gain in the weight of

the goods manufactured under the process. At the expiration of the term, the patentee was instructed by the licensees to continue the use of the process in the licensees' business, with an assurance that a satisfactory arrangement should be made as to compensation. *Held* that, on the failure of the parties to agree on such compensation, the best basis for computing the reasonable value of the use of the patented process was the gain in the weight of the goods, and that, therefore, evidence as to the invalidity of the patent was not admissible, as affecting the value of the use of the patented process.

**4. SAME—AGREEMENT FOR COMPENSATION.**

No express agreement to pay for the use of a patent is necessary to enable the patentee to recover for such use, if the circumstances under which it was used are sufficient to warrant an inference of an implied agreement to make compensation.

Appeal from jury term.

Action by Alpheus W. Montgomery against James M. Waterbury and another to recover the reasonable value of a license to use two patented processes for the manufacture of ropes. From a judgment entered on the verdict of a jury in plaintiff's favor, and from an order denying defendants' motion for a new trial, defendants appeal. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Betts, Atterbury, Hyde & Betts, for appellants.

Hathaway & Montgomery, for respondent.

FREEDMAN, J. The action was brought to recover the reasonable value of a license to use two patented processes relating to the manufacture of ropes and yarns, and familiarly known as the "Tar" and the "Oil" processes, under an alleged license from the plaintiff to the defendants. This is the theory of the complaint. Upon the trial the plaintiff had a verdict upon the theory that, pursuant to an agreement made between him and the defendants, he, as the superintendent of defendants' factory, was to use the said patented processes in the business of the defendants, and for a reasonable compensation over and above his regular salary. No claim was made by the defendants, at any time during the trial, that they were in any way surprised by the proof; and all the evidence to prove the plaintiff's case was admitted without objection on the part of the defendants that it varied from the complaint. Under these circumstances, it was too late for the defendants to attempt to raise the point after the close of the testimony on both sides. Even then they did not claim that they had been surprised. Moreover, there was no variance between the allegations of the complaint and the proof, sufficient to call for a reversal of the judgment. The proof abundantly established that the plaintiff was employed to use in the business of the defendants certain processes in oil or tar, which he had invented, and for which he had applied for or obtained a patent, and that while the plaintiff had the right, for the purpose of the contract, to use any other processes which he might invent, yet, as matter of fact, no others were invented, and what the plaintiff was paid for at the end of the first year was for the use of his patented processes mentioned in the complaint, and, when the agreement was made for the continuation of that use, the idea was that those processes, or other similar processes, should continue to be used; and, as matter of fact, the plaintiff did use the same pro-

cesses which he had used before, and for which he had a patent.    So that the intent of the parties, in substance, was that the plaintiff should be paid for the use of his patent.

The defendants, having contracted with the plaintiff for the use of his patents, and agreed to pay him a compensation therefor, cannot set up the invalidity of the patents as a defense to the action to recover the compensation.    Hyatt v. Ingalls, 49 N. Y. Super. Ct. 375; affirmed 124 N. Y. 93, 26 N. E. Rep. 285.    It is not necessary, as happened to be the additional fact in Hyatt v. Ingalls, that the defendants should have bound themselves by the express terms of their agreement not to question the validity of the plaintiff's patents; for, even without such a clause, they are estopped.    Saltus v. Belford Co., 133 N. Y. 499, 31 N. E. Rep. 518.    Nor is it necessary to show an express agreement to pay for the use, or an agreement for a fixed sum.    An action will lie to recover the reasonable value of the use of a patent, where the patent has been used under such circumstances as are sufficient to warrant the inference of an implied agreement to make compensation for the use.    U. S. v. Palmer, 128 U. S. 262, 9 Sup. Ct. Rep. 104; Packet Co. v. Sickles, 19 Wall. 611.

The defendants insist, however, that, even if they were estopped from raising at the trial the point of the invalidity of the patents as a complete defense to plaintiff's cause of action, evidence of the validity or invalidity of the plaintiff's patent was material, as affecting the value of the use of the patents.    The action is not for a fixed license fee, but for the reasonable value of the license during a certain period.    The defendants never promised a definite sum.    In such a case, the validity or invalidity of the patent, ordinarily, has an important bearing on the amount of the value to be recovered.    But in the present case such proof became immaterial, for the following reasons:    For the year preceding the period in controversy here, there was a written contract in force between the parties, under which the defendants were bound to pay to the plaintiff, for the use of his patents, 10 per cent. of the value of the gain in weight of the goods manufactured.    Rope is sold by weight,—that is, at so much a pound; and it was considered that if any of plaintiff's processes would take the same amount of raw material,—that is, so much hemp or sisal,—and make out of it more pounds of rope than could be obtained by the old method, the gain in weight so obtained would be the direct profit of the process.    Under this contract the plaintiff did use his processes, and with them produced a gain in the weight of the goods.    At the end of the year,—or, rather, as soon thereafter as the books were made up,—the defendants furnished the plaintiff with a statement of such gain in weight, as shown by their books, as compared with the gain in weight during the previous year; and, in accordance with this statement, they paid to the plaintiff, as his 10 per cent. of the profit so made by them, the sum of $8,139, thereby admitting that by the use of plaintiff's process they had made a gain of over $80,000 over and above the gains which they would have made with the old methods.    At the end of the year for which this contract ran, but before any account for that year had been stated or settled between the parties, the plaintiff had a conversation with one of the members of defendants' firm

in regard to continuing the use of the processes referred to. Plaintiff said that the arrangement for one year had expired, but that the result had not yet been ascertained, and whether he should go on and continue to use his processes. He thereupon was told to go on, as that was all the money there was in the business, and that a satisfactory arrangement would be made with him for the use of the processes. In consequence of this assurance, the plaintiff went on, and used the processes as before. Subsequently some efforts were made to get at a fixed basis, but without success, and the plaintiff finally left. · These facts now stand established by the verdict of the jury. In view of these facts, if the plaintiff was entitled to recover at all, the actual gain in weight during the period in controversy furnished the best basis for computing the reasonable value of the use of plaintiff's processes, and the case was submitted to the jury upon this theory. The jury were instructed to determine what the agreement was between the parties, and, if they found it to be as claimed by the plaintiff, to find the actual gain in weight during the period in question upon the whole evidence, and after paying due regard to the explanatory evidence given by and on behalf of the defendants, and then to award to the plaintiff 10 per cent. of the profits represented by such gain in weight, if they should think it proper, and if they should not think it proper, and consider such a rate to be excessive, to award such a sum as, under all the circumstances, would constitute a reasonable compensation. This was all the defendants were entitled to. No request was made that any other question of fact should be submitted. The period for which compensation was claimed consisted of 6 months and 15 days; and, under the instructions given to them, the jury found a verdict of $3,136. There is sufficient evidence to sustain the verdict for this amount.

The parts of the contract with the National Cordage Company which were admitted in evidence were evidently admitted to contradict the testimony of one of the defendants upon a material point, and for this purpose the evidence was competent.

Upon a careful review of the whole case, no exception has been found which calls for reversal.

The judgment and order should be affirmed, with costs. All concur.