(32 Misc. Rep. 218.)

### BAYLIS et al. v. BULLOCK ELECTRIC MFG. CO.

(Supreme Court, Special Term, New York County.   July, 1900.)

1. PATENTS—ROYALTIES—RECOVERY.

A licensee of a patented article cannot, while he remains such, dispute the licensor's right to royalties.

2. SAME—LICENSES—ROYALTIES—INFRINGEMENTS—LICENSOR'S DUTY.

Where the owner of a patent contracts with his licensee to protect him against any suits for infringement, he is not bound to bring suits on simple allegations of the licensee that there are infringers, but is entitled to reliable information which might justify the bringing of an action therefor.

3. SAME—LICENSES—BURDEN OF PROOF.

Where, in an action to recover royalties, the licensee sets up the defense that the patent is not valid, the burden is on him to establish its invalidity.

4. SAME—LICENSES—ACTIONS—EVIDENCE—SUFFICIENCY.

Where, in an action to recover royalties, the defense is set up that the patent is not valid, and the evidence of the expert shows that the device is of practical utility, and it is not shown to have been anticipated by any of the patents introduced, the defendant has failed to establish the invalidity.

5. ACTIONS—NATURE—EQUITABLE.

Where, in an action to recover royalties due for the use of a patented article, equitable relief is asked by way of an accounting or a discovery, the fact that at the trial the parties agreed on the amount which might be found due does not deprive the court of jurisdiction to render the accounting, the character of the action still being determined by the complaint.

Action by Robert N. Baylis and others against the Bullock Electric Manufacturing Company to recover royalties.   Judgment for plaintiffs.

Benjamin F. Lee and William H. L. Lee, for plaintiffs.
Clinton V. Edwards, for defendant.

STOVER, J.   This is an action to recover royalties due under a license to use a patented article.   The defense is want of consideration, and a failure on the part of the licensor to protect against infringers, and the further defense that the licensee had canceled and revoked the agreement.   The patent has not been adjudicated invalid in any court.   I think it may be deemed settled that state courts have the right to pass upon the validity of patents when they are questioned collaterally.   Marston v. Swett, 66 N. Y. 212; Herzog v. Heyman, 151 N. Y. 592, 45 N. E. 1127; Albright v. Teas, 106 U. S. 613, 1 Sup. Ct. 550, 27 L. Ed. 295; Hyatt v. Ingalls, 124 N. Y. 93, 26 N. E. 285.   It cannot be said to be so well settled that a licensee may, by a notice of renunciation, relieve himself from the payment of royalties before the patent has been adjudicated invalid.   While there are some expressions in some of the adjudicated cases which, if sufficiently involved in the cases under consideration to make them authority, might tend in that direction, yet I think an examination will show that the circumstances under which the court made the statements were exceptional cases.   There would be no doubt that, where it would be necessary, in order to protect the equitable rights of either

party, the court would see that the general rules of law were not mis-applied. The general rule is still in force that a licensee cannot, while he remains such, dispute the right of the licensor to royalties, nor can he, upon a notice founded upon mere allegations, shorten the term for which the license was granted; but, if he desires to relieve himself from the terms of his voluntary contract, he should take the burden of establishing that such circumstances existed that it would be inequitable to hold him to the contract, and that such circumstances were not within the contemplation of the parties, either in fact or law, when the contract was entered into. There is no dispute in this case as to the making of the contract, or its terms, and the presumption is that the subject of the contract was a valid patent. It seems to have been recognized to a large extent by the trade, and to have gone into general use, and, with the exception of some instances where manufacturers have attempted to use the device with slight variations to avoid the patent, and which circumstances are quite common in the history of patents upon devices of this character, the patent seems to have been acquiesced in. It is true that the defendant stated to the plaintiffs, or the owners of the patent, that certain manufacturers were infringing, but in each of these instances there are circumstances which justify the delay, if the plaintiffs were bound even to sue infringers. The contract of the owners of the patent with the defendant was that they would protect defendant against any suits which might be brought for infringement. There was no specific agreement to sue infringers, and the obligation, if any, is an implied one, growing out of the character of the transaction. While it may be, under some circumstances, that the owner of a patent is bound to protect his licensees by preventing infringement so as to impair the value of the right, yet there is a duty also upon the licensee to take some active part in protecting himself; and it is not the duty of the licensor to bring suits upon simple allegations that there are infringers, but he should have some proof, or some reliable information, which might justify the bringing of an action for infringement. It may be well said that in a contract where a stipulation is made to protect against suits brought for infringement, but which is silent as to protecting against infringers, the parties did not intend that the burden of suing was upon the owner of the contract. The licensee certainly has some rights under the patent which he may protect by actions if they are infringed. But, without passing upon this question, I am satisfied that the defendant has not shown that the infringement complained of, and the action of the owners of the patent in relation thereto, were such as to warrant a renunciation of the license to the defendant. As to the patentability of the device, as above stated, the burden is upon the defendant to establish its invalidity, the presumption being that it is a valid patent; and I think he has failed to establish the burden. The evidence of the expert shows that the device is of practical utility. I am unable to find that it has been anticipated by any of the patents introduced to which my attention has been called in this action, and there can be no doubt that the parties to this action were of the opinion, when the contract was

entered into, that it was a patentable device, and of practical utility. I should hesitate, in an action in which the question is involved collaterally only, to declare that letters patent of the United States were invalid, when, if such an issue were raised directly in the action, this court would be without jurisdiction to determine it. In the briefs presented some discussion is had as to the form of this action. This question was raised at the trial; and, I think, correctly disposed of then. This is an action for equitable relief. An accounting is asked for, or a discovery, and this could be had only in a court of equity; and the fact that at the trial the parties agreed upon the amount which may be found due does not deprive the court of its equitable jurisdiction, but the character of the action is still to be determined by the complaint. Plaintiffs are entitled to a judgment that they are entitled to an accounting, and in their favor upon the other issues in the action. The parties having agreed upon the number of machines containing the patented device which were sold by the defendant, the necessity of an actual accounting may be avoided, the judgment reciting the facts. The decision and decree may be settled on notice.

Judgment accordingly.