## N. Y. CITY COURT.

### BLANCHE E. RICE agt. HATTIE W. BLISS.

*Summary proceedings — Landlord and tenant — When deposit made by tenant as security for the faithful performance of the covenants of the lease, cannot be recovered back.*

Where a tenant hired premises for one year from May one, at a monthly rental, and made default in the payment of the June rent, and was dispossessed in consequence under a warrant issued in summary proceedings founded on such default:

*Held,* that a deposit made by the tenant to the landlord at the time of the hiring "as security for the faithful performance by the tenant of the covenants on her part contained in the lease," cannot be recovered back. The reasons stated.

*Trial Term, December,* 1883.

TRIAL by the court without a jury.

The plaintiff, as landlord, let to the defendant, as tenant, the premises known as No. 27 West Thirty-first street, for one year from May 1, 1883, at the yearly rent of $3,300, payable monthly in advance. In consideration of the letting the plaintiff deposited with the defendant $275, under an agreement that this sum should be held by the defendant "as security for the faithful performance on the part of the plaintiff of the covenants contained in the lease." The tenant paid the rent for May, 1883, but made default in the payment of the June rent. In consequence of this default summary proceedings were commenced, and on the 8th day of June, 1883, the tenant was, under the warrant issued in

said proceedings, dispossessed.   The plaintiff brings the present action to recover back the $275 deposited (less seventy-two dollars, the reasonable value of the premises from June one to June eight, the day on which the warrant of dispossession was issued).

*C. A. Runkle*, for plaintiff.

*McDonald, Wheeler & Souther*, for defendant.

McAdam, *J.* — The issuing of the warrant in the summary proceedings cancels the agreement for the use of the premises, and annuls the relation of landlord and tenant, except that it does not prevent a landlord from recovering by action any sum of money which was, at the time when the precept was issued, payable by the terms of the agreement (*Code, sec.* 2258 ; *Hinsdale* agt. *White*, 6 *Hill*, 507). The plaintiff claims that as the lease has been annulled by the act of the landlord, and by operation of this statute, that after deducting the rent from June first to June eighth, the day on which the warrant was issued, that the covenants of the lease have been performed by the tenant, as far as performance is possible, and that by the terms of the agreement, under which the deposit was made, the sum deposited, less said deduction must be returned.   But this result does not follow.   The tenant did not "faithfully perform the covenants on her part, contained in the lease."   She made default in the payment of the June rent, and the summary proceedings commenced by the plaintiff were founded on that default. The issuing and execution of the warrant, it is true, terminated the rights of the tenant under the lease and restored the plaintiff to the possession of the premises demised.   Whether this was advantageous or disadvantageous to the plaintiff is an inquiry not necessary to make, nor is it requisite to inquire whether the deposit made is inadequate or more than sufficient to recover any loss which the tenant's default may have occasioned.   It is enough that by the agreement of the parties,

the deposit was to be returned only upon condition that " the tenant faithfully performed all the covenants of the lease on her part." She failed to perform the most substantial requirement of the lease, and cannot by her own default give rise to a cause of action. The statute, it is true, annuls the rights of the tenant under the lease, and in turn relieves her from the payment of rent after the issuing of the warrant, but it does not confer upon her any new rights or privileges. The sum deposited, no matter whether inadequate or not, was, after the warrant of dispossession, the only indemnity to which the defendant could look for recompense. If insufficient in amount, the plaintiff could maintain no action for the deficiency, and if, on the other hand, it proved more than sufficient, this is the good fortune of the landlord, which does not inure to the benefit of the defaulting tenant.

The cancellation of the lease, by operation of the statute in question, is not tantamount to a voluntary rescission of the contract by the mutual assent of the parties, so that each is to be restored to the position she originally occupied. It is more in the nature of a judgment of condemnation against the tenant, by which she is adjudged in default, and for such default is, by act of the law, deprived of rights which she otherwise might have retained.

If the tenant had paid her rent and performed the substantial covenants of her lease, and the landlord had refused to return the deposit solely on technical grounds, a different question might have arisen ; but in the present case the tenant concedes, and the judgment of dispossession establishes the breach of a substantial covenant upon her part, and this without any legal excuse for non-performance. There can be no apportionment in such a case in favor of the wrong-doer.

A number of reported cases between vendor and vendee of real estate will be found to contain principles analogous to those to be decided here. A few of them will be referred to. Thus, in *Ketcham* agt. *Evertson* (13 *Johns.*, 346), it was held that the sale of property by the vendor after the refusal of

Rice agt. Bliss.

the vendee to accept a deed thereof, in pursuance of his contract, was not a rescission of the contract by the vendor which entitled the vendee to recover back the portion of the purchase-money paid. In the case just cited it was aptly said (*p.* 365): "It would be an alarming doctrine to hold that the plaintiffs might violate the contract and, because they chose to do so, make their own infraction of the agreement the basis of an action for money had and received. Every man who makes a bad bargain and has advanced money upon it would have the same right to recover it back that the plaintiffs have. The defendant's subsequent sale of the land does not alter the case."

In *Hayes* agt. *Hunt* (42 *Barb.*, 58), judge JOHNSON said: "No case can be found where a purchaser has been allowed to recover back partial payments after default in making further payments, when the vendor has merely kept the property agreed to be sold or sold it to another in consequence of such default." To the same effect see *Page* agt. *McDonald* (46 *How. Pr.*, 52; *affirmed by the court of appeals, Ib.*, 299). Another view may be taken of the case with the same result. The rent was payable in advance, and the landlord became entitled to the rent for the entire month of June, notwithstanding the dispossession of the tenant (*Healy* agt. *McManus*, 23 *How. Pr.*, 238; *Cushingham* agt. *Phillips*, 1 *E. D. Smith*, 416), and the month's rent equals the amount of the deposit. So that, upon either ground, it follows that there must be judgment for the defendant.