## FURSMAN *v.* FANNACI.

*(City Court of New York, Trial Term.   October, 1888.)*

LANDLORD AND TENANT—RENT—CIVIL ACTION—DISPOSSESSION—APPORTIONMENT.
    Code Civil Proc. N. Y. § 2253, providing that a warrant for removing a tenant does not prevent a landlord from recovering by action the reasonable value of the use of the premises for any period, with respect to which the agreement makes no provision, authorizes a landlord, in an action on the lease, to include a portion of rent not due at the time of dispossession; the rent being due at stated periods, and the dispossession being between two such periods.

Action on a lease.   Trial by court without a jury.
*Miller & Savage*, for plaintiff.    *W. J. Lippman*, for defendant.

McADAM, C. J.   The action is on a lease, executed by the plaintiff as landlord to the defendant as tenant, for the term of 2 years, 6 months, and 21 days, from October 11, 1887.   The rent was payable monthly, at the end of each month; the payments to commence November 1, 1887.   The rent is conceded to be due for May, June, and July, 1888, and for default in the payment thereof the defendant was dispossessed under a warrant issued in summary proceedings, August 21, 1888.   The plaintiff sues, not only to recover the three months' rent conceded to be due, but also rent from August 1st till August 21st, the day on which the defendant was dispossessed; and the question presented is whether rent as such is recoverable for those 21 days, or whether the plaintiff should not have brought an independent action against the defendant in form for trespass in wrongfully holding over after the default for which he was dispossessed; the rent for that as well as the preceding months being payable at the end of the month, and not, therefore, capable of apportionment.   In plainer language, the rent for the 21 days was not due at the time of the dispossession.   In *Hinsdale* v. *White*, 6 Hill, 507, a similar question arose, and the court said: "The rent for the last quarter not being due when the warrant to deliver possession was issued, this could not be recovered by action on the lease.   *   *   *   The tenant may and should be considered a trespasser from that time, so that a sum proportionate to the rent may be recovered as damages in a proper action for the wrongful detainer."   This is upon the theory that the summary proceeding was to enforce a forfeiture founded on the tenant's failure to pay rent in arrears, and that the warrant and proceedings related back to the time of the default for which the dispossession was awarded, and that the tenant was by operation of law made a trespasser from that time.   Under the rule declared in this and kindred cases, the landlord's appropriate remedy for compensation, after the default for which the dispossession was allowed, was, in trespass, to recover as damages a sum proportionate to the rent during the period of such tortious occupation; the means of recovery, whether the action was on the lease or for trespass, being the same, the form of the action or nature of the remedy only different.   The statute in force at the time these decisions were made provided "that, whenever a warrant shall be issued as aforesaid for the removal of any tenant from any demised premises, the contract or agreement for the use of the premises, if any such exists, and the relation of landlord and tenant between the parties, shall be deemed to be canceled and annulled."   3 Rev. St. (6th Ed.) p. 827, §

43. Section 2253 of the Code contains further provisions on the subject, which essentially change the rule laid down in *Hinsdale* v. *White, supra*, and kindred cases. See Throop's notes. This section provides: "The issuing of a warrant for the removal of a tenant from demised premises cancels the agreement for the use of the premises, if any, under which the person removed held them, and annuls the relation of landlord and tenant, except that it does not prevent a landlord from recovering, by action, any sum of money which was, at the time the precept was issued, payable by the terms of the agreement as rent for the premises, or the reasonable value of the use and occupation thereof to the time when the warrant was issued, for any period of time with respect to which the agreement does not make any special provision for payment of the rent." The agreement sued upon makes no special provision for the 21 days' rent claimed, and the action may be regarded as "for use and occupation" during this period, at the rate fixed by the lease, or the section may be construed in connection with the agreement in such manner that the cancellation of the lease, by the issuing of the warrant on August 21st, founded on the tenant's default, terminated the lease on that day, and, as a legal consequence, made the rent for the 21 days payable then. The eviction of the tenant was not unlawful, like the common one, treated as a bar to the recovery of rent, but it is made lawful by the tenant himself, and he cannot claim any benefit or exemption as a consequence of his own default. The Code provision is practical, and does even and exact justice between landlord and tenant,—holding the latter liable for rent while he retains possession, and discharging him from liability thereafter, without reference to the fact whether the rent was payable in advance or otherwise. The section referred to preserves to the landlord his right of action for "any sum of money," payable at the time of issuing the precept, as well as for the reasonable value of the "use and occupation" to the time when the warrant issued, where the agreement, as in this case, is silent, and makes "no special provision" for that contingency. The right to recover for "use and occupation" is founded on the relation of landlord and tenant, which, for this purpose, is, by the Code provision aforesaid, preserved, and hence the necessity which formerly required the landlord to sue in trespass for damages accruing after the default for which the tenant was dispossessed was clearly abrogated, and no longer exists. It follows that the plaintiff is entitled to judgment for the amount claimed, with interest and costs.