right to review the facts connected with the default, and its opening, and to reverse, if, in its judgment, it thought proper. But we have repeatedly held that we cannot review the facts in such a case, being in all respects bound by the same conditions which prevail in like cases in the court of appeals. The appeal must therefore be dismissed, with costs.

---

## ORVIS v. CURTISS.

(Common Pleas of New York City and County, General Term. May 17, 1894.)

JUDGMENT—RENDITION AFTER TIME LIMITED BY LAW.

A judgment rendered by a justice of the district court will be reversed where it was rendered after the time limited by law.

Appeal from eleventh district court.

Action by Charles E. Orvis against William H. Curtiss. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

H. G. Harris, for appellant.

F. G. Gedney, for respondent.

PER CURIAM. The justice had no jurisdiction to render the judgment he did in this case, because he rendered it after the time limited by law for his doing so. This appears from the return itself. Therefore, the judgment must be reversed, with costs.

---

(8 Misc. Rep 307.)

## JOHNSON v. BARG.

(Common Pleas of New York City and County, General Term. May 17, 1894.)

LANDLORD AND TENANT—RENT—EVICTION OF TENANT.

Eviction of a tenant is no defense to an action for rent which was due at the time of eviction.

Appeal from trial term.

Action by Augusta A. Johnson against John Barg for rent, under a letting from month to month; the rent payable in advance on the 1st of each month. There was a judgment in favor of defendant, and plaintiff appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

A. B. Carrington, for appellant.

PER CURIAM. Assuming that an eviction on November 20th was proved, it constituted no defense to an action for rent payable on the 1st of that month. Giles v. Comstock, 4 N. Y. 270; O'Brien v. Smith (Sup.) 13 N. Y. Supp. 408; Rice v. Bliss, 66 How. Pr. 189. The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant.