MARY B. LEWIS, Appellant, *v.* CHARLES ANGERMILLER, Respondent.

*Surrender of a lease — when effected by operation of law.*

The surrender of a lease is effected by act or operation of law when the parties, without any express surrender, do some act so inconsistent with the subsisting relation of landlord and tenant as to imply that they have both agreed to consider the surrender as made.

Facts considered from which such an implication arises.

APPEAL by the plaintiff, Mary B. Lewis, from a final order in summary proceedings made by the special county judge of Orange county, and entered in the office of the clerk of the county of Orange on the 17th day of April 1895, upon the decision of the court rendered after a trial at the Orange County Court, dismissing the petition of the plaintiff.

*George W. McElroy,* for the appellant.

*John J. Beattie,* for the respondent.

BROWN, P. J. :

This proceeding was instituted to remove the defendant from the possession of real estate for non-payment of rent. It appeared that on April 1, 1892, one Robert B. Van Vleck leased certain real estate in the town of Warwick to the defendant for the term of three years terminating on April 1, 1895. That the rent reserved was twenty-five per cent of the gross receipts of the business to be carried on upon the property, to be paid weekly. Provision was made in the lease for the employment of a cashier and the ascertainment and determination of the weekly receipts.

On August 29, 1892, Van Vleck and defendant entered into a contract for the sale and purchase of the demised property. The purchase price was $8,000, $500 of which was paid upon the execution of the contract ; $2,000 of the balance was to be paid in cash, and for the remainder the defendant was to give his bond secured by a mortgage upon the property, and upon receiving payment in such manner, Van Vleck agreed to execute and deliver to the defendant a warranty deed for the property free from all incumbrances. About December 12, 1892, the defendant refused to take

the title on account of an incumbrance on the property, but.he testified upon the trial that he was ready to pay the purchase price when the title was perfected.

On April 30, 1894, Van Vleck conveyed the land to the plaintiff, and on May 8, 1894, assigned to her the lease. Thereafter the plaintiff demanded of the defendant that he comply with the terms of said lease and pay to her one-quarter of the weekly gross receipts, and in November, 1894, no rent having been paid, she commenced this proceeding.

Upon the trial the defendant and his wife testified without contradiction that, at the time of the execution of the contract of sale, it was agreed with Van Vleck that after September first the defendant was not to pay rent under the lease.

The special county judge correctly decided that the lease was surrendered and that the relation of landlord and tenant did not exist between the parties. A surrender exists by act or operation of law when the parties, without any express surrender, do some act so inconsistent with the subsisting relation of landlord and tenant as to imply that they have both agreed to consider the surrender as made. Such an implication arises from the facts of this case. The relation of vendor and vendee was created, and there was a payment to the vendor of a part of the purchase money, and an agreement on his part to execute and deliver a warranty deed on receipt of the balance. And what is conclusive to my mind, as to the intent of the parties in relation to the lease, is that after the execution of the contract of sale there was no payment of rent by the defendant and no demand therefor by Van Vleck. The omission to make any demand or request of the weekly payments of rent for a period of upwards of eighteen months shows conclusively that Van Vleck recognized the possession of the defendant as that of a vendee and not as that of a tenant, and the conclusion is irresistible that the lease was regarded by both parties as surrendered.

The case of *Burnett* v. *Scribner* (16 Barb. 621) is quite like the case before us, and sustains the ruling of the county judge.

The order must be affirmed, with costs.

DYKMAN and PRATT, JJ., concurred.

Order affirmed, with costs.