(18 Misc. Rep. 447.)

HAWTHORNE v. COURSEN.

(Supreme Court, Appellate Term, First Department. November 25, 1896.)

LANDLORD AND TENANT—BREACH OF LEASE.

　　Where a landlord, before the lease has expired, relets the premises, without physical abandonment by the tenant, the tenant is released from all obligations, and may recover money deposited as liquidated damages in case of breach by him.

Appeal from Eighth district court.

Action by James Hawthorne against Alfred C. Coursen. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

A. C. Coursen, in pro. per.

J. Cochrane, for respondent.

McADAM, J. The plaintiff had been a tenant of the defendant, in respect of the premises No. 98 Greenwich avenue, this city, for a number of years, commencing May 1, 1891; and $66 (being the amount of the rent for the last month of the year) was deposited with the defendant as security for the performance by the tenant of the covenants of the lease. The lease bears date February 26, 1891, and is for one year from May 1, 1891, at the yearly rent of $800, payable in equal, monthly payments, upon the 1st day of each month of the term, or, at the option of the tenant, the sum of $1,000 yearly, payable in like manner between the 2d and 10th of each month. The deposit was made under this lease, and continued during each of the successive renewals hereafter referred to. About the expiration of the first term, an agreement was indorsed on the lease in these words:

　　"Within agreement is hereby renewed for one year from May 1, 1892. Any rent for April, 1892, reserved as such, or as liquidated damages in case of breach by tenant, to be so reserved on renewal as rent for April, 1893, or damages as aforesaid."

Renewals substantially similar were indorsed on the lease from May 1, 1893, May 1, 1894, and May 1, 1895, thereby extending the term to May 1, 1896. During the continuance of these leases, up to December 1, 1895, the defendant received the rent monthly, or in installments making up the monthly sum, and in no instance exacted rent at the rate of $1,000 a year; the difference between the latter sum and $800, the rental paid, being evidently intended as a penalty to insure prompt payment. Moreover, the defendant admitted on the stand that he did not claim any forfeiture on account of dilatory payments, and, in a summary proceeding hereafter referred to, testified that he did not regard the $66 as forfeited on account of such delay in payments. On December 1, 1895, a serious accident having befallen the plaintiff, which necessitated his removal to a hospital, the defendant relet the premises to one Susanna Duff, a relative of the plaintiff, at the rate of $66.66 a month. The effect of this was to release the plaintiff from all further obligations under his lease.

Smith v. Maxfield, 9 Misc. Rep. 42, 29 N. Y. Supp. 63; MacKellar v. Sigler, 47 How. Prac. 20; Smith v. Niver, 2 Barb. 180, 182. It does not appear that there was any physical abandonment of the premises by the plaintiff, or any necessity which authorized a reletting on his account. He was not consulted about this rehiring, or notified that it was made on his account. Underhill v. Collins, 132 N. Y. 269, 30 N. E. 576; Lewis v. Angermiller, 89 Hun, 65, 35 N. Y. Supp. 69. He never consented that his deposit remain as security for the performance of the new tenant's obligations under the hiring. So that the plaintiff's right to a return of his deposit became complete on December 1, 1895.

In April, 1896, the defendant commenced a summary proceeding against the plaintiff, alleging that he was still his tenant in regard to the premises in question, and that he owed the rent from February 1, 1896, to March 1, 1896. The plaintiff appeared in the proceeding, and filed a verified answer denying each and every allegation in the landlord's petition contained, except that prior to December 1, 1895, he hired the premises from the petitioner; but he alleged that his said agreement of hiring expired December 1, 1895. The specific issue thus joined was tried in the Third district court, and final order rendered April 25, 1896, in favor of the tenant. As this distinctly appears upon inspection of the proceedings, the adjudication determined that the plaintiff's tenancy in said premises expired December 1, 1895, as alleged by the tenant. Insurance Co. v. Bishop, 1 Daly, 449; White v. Coatsworth, 6 N. Y. 137; Kelsey v. Ward, 16 Abb. Prac. 98, affirmed 38 N. Y. 83; Jarvis v. Driggs, 69 N. Y. 143; Culross v. Gibbons, 130 N. Y. 447. 29 N. E. 839; Lewis v. Pier Co., 125 N. Y. 341, 348, 26 N. E. 301. This adjudication is important only as corroborative of the fact that the plaintiff's tenancy expired December 1, 1895, and that the letting by the plaintiff from that day, to Mrs. Duff, created an independent tenancy after that date. The authorities hold that on the determination of a lease, whether by summary proceedings or otherwise, the lessee is entitled to a return of any moneys deposited as security; that such deposit is to be regarded as a penalty, and not as liquidated damages, and hence the lessor is only entitled to retain therefrom sufficient to indemnify him for damages before his re-entry, the lessee having a right to the surplus. Scott v. Montells, 109 N. Y. 1, 15 N. E. 729; Chaude v. Shepard, 122 N. Y. 397, 25 N. E. 358. Neither by his answer, nor by the proofs given upon the trial, did the defendant establish that the plaintiff owed him anything, or that the plaintiff was liable for damages by reason of any breach which authorized the defendant to retain any part of the deposit. Forfeitures are not favored, and slight acts indicative of an intention to waive the penalty are regarded as a complete waiver. Tayl. Landl. & Ten. §§ 287, 497, 498; 8 Am. & Eng. Enc. Law, 446; Murray v. Harway, 56 N. Y. 337.

We find no merit in the exception, and the judgment must be affirmed, with costs. All concur.