(23 Misc. Rep. 464.)

### BERNSTEIN v. HEINEMANN et al. ·

(Supreme Court, Appellate Term. May 3, 1898.)

1. ACTION ON LEASE—EVIDENCE.

Duplicate renewals of a lease were signed respectively by the lessor and the lessee, and the lessee's husband signed both. In an action for rent, brought against the lessee and her husband, the latter claimed to have signed merely as a witness, and it appeared that in prior summary proceedings the landlord's petition had alleged a renewal to the lessee only. *Held*, on appeal by defendants, that the judgment as to the husband was against the weight of evidence.

2. SAME—SIGNATURE OF THIRD PERSON.

The mere presence, upon a renewal of a lease, of the signature, in addition to that of the lessee, of a third person not mentioned in the lease or renewal, and without any accompanying or explanatory·words, does not render him liable for rent, even on the theory that he signed as surety; for such an undertaking, expressing no consideration, would be void under the statute of frauds.

3. SAME—RECOVERY—DISPOSSESSION OF TENANT.

Where rent is payable monthly in advance, under a lease for a year, the landlord is entitled to recover a whole month's rent, even though the tenant is dispossessed under a warrant in summary proceedings, before the expiration of the month, for default in payment.

4. SAME—DEPOSIT WITH LANDLORD—COUNTERCLAIM.

A lessee deposited with the lessor a sum of money "as security for the payment of rent as per lease, * * * said security to be forfeited for the nonperformance in its entirety of said lease"; and it was further understood that, in case of the lessee's failure to repair·and to do certain cleaning, the expense thereof to the landlord might be deducted from the deposit. *Held*, in an action for rent, that the contemplated purpose of the deposit was mere reimbursement, and not forfeiture in case of breach, and that it might be set up as a counterclaim.

5. SAME—PENALTY.

Such a provision will not be construed as in the nature of a penalty, if the agreement is susceptible of any other construction.

6. SAME—RENEWAL OF LEASE.

Where a lessee makes a deposit as security, for the term of the lease, the renewal of the lease operates as a renewal of the agreement regarding the deposit.

Appeal from Fourth district court.

Action by Nathan Bernstein against Ernestine Heinemann and Bernard Heinemann. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

August P. Wagener, for appellants.

N. S. Levy, for respondent.

GIEGERICH, J. This action was brought to recover the sum of $65, for one month's rent alleged to be due from the defendants on the 1st day of September, 1897, under a written lease bearing date April 21, 1895, of "the rooms in the front house over the store known as 'No. 130 Forsyth Street,' in the city, county, and state of New York," made and executed by the plaintiff to the defendant Ernestine Heinemann, for the term of one year from May 1, 1895, at the yearly rent or sum of $900, payable monthly in advance on the 1st day of each month, and written renewals thereof, as hereafter mentioned. The sum of $75 was deposited with the plaintiff "as security for the payment of rent as per lease dated April 21, 1895, for premises No. 130 Forsyth street, in the city of New York, said security to be forfeited for the nonperformance in its entirety of said lease." And it was further understood between the parties that, in case of failure on the part of the lessee to make repairs or to do the cleaning required on her part, the lessor might cause the same to be done, and deduct the amount expended from the sum so deposited. On the 2d day of September, 1897, summary proceedings were instituted by the plaintiff herein, as landlord, against the said defendant Ernestine Heinemann, as tenant, for the recovery of the possession of the premises in question for nonpayment of one month's rent alleged to have become due and payable on said 1st day of September, 1897; and on the 8th day of September, 1897, a final order in favor of the former was made upon default of the latter, on the return of the precept. A warrant was issued, but the tenant voluntarily removed from the demised premises during the pendency of the proceedings. The plaintiff then brought this action, but, for some reason not accounted for, the sum of $65 only is demanded, instead of $75, called for by the lease. The pleadings are oral. The answer is a general denial, and sets up eviction, and a counterclaim for the sum deposited, as before stated.

The only proof connecting the defendant Bernard Heinemann with the transaction is the last renewal indorsed upon the face of that portion of the lease termed "Tenants' Agreement," held by the plaintiff, and admitted in evidence upon his offer. The same reads as follows:

"This lease extended for one year from May 1st, 1897, to May 1st, 1898, with same conditions.

    "[Signed]                           Ernestine Heinemann.
    "[Signed]                           B. Heinemann.
"Witness:
    "N. Bernstein."

A duplicate of such renewal written upon that portion of the lease, termed "Landlord's Agreement," and signed by "N. Bernstein" and "B. Heinemann" only, was admitted in evidence upon the defendants' offer. A prior extension was executed in duplicate, one being signed by the defendant Ernestine Heinemann, and the other by the plaintiff. The defendant Bernard Heinemann testified that, at the time he signed the paper writing, the plaintiff told him he wanted the signature of a witness, and, at his request, signed it as a witness, and not as principal. The plaintiff denied having made such a request, but the fact that the defendant Bernard Heinemann and the plaintiff both signed the last renewal in duplicate, while the defendant Ernestine Heinemann signed but one instrument, strongly supports the theory that said defendant Bernard Heinemann signed such paper writings as a witness only. This view is in harmony with the allegation of plaintiff's petition filed in said proceedings "that on or about the 1st day of May, 1897, said landlord entered into an agreement with Ernestine Heinemann, as tenant," and the final order made on default. Such adjudication established the matter so alleged, as well as the execution and validity of the lease, the occupation of the tenant, and that rent is due, and also as to any other facts which are required to be alleged as a basis of the proceedings (Reich v. Cochran, 151 N. Y. 122, 126, 45 N. E. 367; Grafton v. Brigham, 70 Hun, 131, 24 N. Y. Supp. 54); and plaintiff is estopped from denying the same (Jones, Ev. § 616).

It is apparent that the judgment as to Bernard Heinemann is against the weight of the evidence, and consequently the refusal to dismiss the complaint as to him was error. Schumacher v. Waring, 7 Misc. Rep. 161, 27 N. Y. Supp. 325; McLaughlin v. Harriot, 14 Misc. Rep. 343, 35 N. Y. Supp. 684. Besides, the said defendant was not mentioned in the lease, or renewal or renewals thereof; and hence his signature, without any accompanying or explanatory words, did not render him liable for the rent, even on the theory that he signed the lease as surety for the lessee, since such an undertaking would be void under the statute of frauds, by reason of the failure to express a consideration therefor. Evans v. Conklin, 71 Hun, 536, 24 N. Y. Supp. 1081.

It is insisted by the defendant Ernestine Heinemann that she is not liable for the rent in question, because, although it was due in advance, she was dispossessed before the month expired for which it was payable; but the authorities hold that where rent is payable monthly in advance, under a lease for one year, a landlord is entitled to a whole month's rent, notwithstanding the tenant is dispossessed by virtue of a warrant issued in summary proceedings before the expiration of the month, for default in payment. Boehm v. Rich, 13 Daly, 62; Rice v. Bliss, 66 How. Prac. 186; Fursman v. Fannaci (City Ct. N. Y.) 2 N. Y. Supp. 339; McAdam, Landl. & Ten. (2d. Ed.) p. 660; McAdam, Landl. & Ten. Supp. p. 106. See Code Civ. Proc. § 2253. In the present case the rent was payable monthly in advance, on the 1st day of each month, and therefore the plaintiff became entitled to the whole month's rent on the 1st day of the month in question.

The next question arises in regard to the counterclaim for the sum deposited as security for the performance by the tenant of the covenants of the lease. The defendant Ernestine Heinemann testified that she received the paper writing pertaining to such deposit from the plaintiff upon the payment of said sum. The latter, on the other hand, testified that he received the money from her first husband, to whom, he says, he delivered said instrument. Such document, however, only mentions said defendant Ernestine Heinemann; and, as it is undisputed that she was the lessee of the premises at the time of its delivery, it must be assumed, even if plaintiff's testimony upon this subject is credited, that it was delivered to such husband as the agent of his wife. Although the deposit was made as security for the term ending May 1, 1896, the renewal of the lease operated as a renewal of the agreement regarding such deposit. Wadsworth v. Wadsworth, 21 Wkly. Dig. 520; 2 McAdam, Landl. & Ten. Supp. p. 72.

The plaintiff contends that the sum deposited was forfeited by reason of the nonperformance by the said defendant of the lease in its entirety. It is plain, however, that the intention of the parties was that the money so deposited should be held as security for the payment of the rent, and for the reimbursement of the landlord for any expenditures incurred by him for repairs which the tenant might fail to make. Indeed, the agreement in that regard so states in express terms; and it will be so treated, notwithstanding words which seem to import a forfeiture of the whole sum for nonperformance of the lease in its entirety. It is a familiar principle that the court will not construe a provision of this kind as in the nature of a penalty if the agreement between the parties is susceptible of any other construction. After applying so much of the security as may be necessary in order to satisfy his demands against the tenant, in accordance with the terms of the deposit, the latter is entitled to whatever surplus may remain. Scott v. Montells, 109 N. Y. 1, 15 N. E. 729; Chaude v. Shepard, 122 N. Y. 397, 25 N. E. 358; Hawthorne v. Coursen, 18 Misc. Rep. 447, 41 N. Y. Supp. 995. The counterclaim, to my mind, comes within the principle of the decisions above referred to; and the justice therefore erred in disallowing the same.

It follows that the judgment as to both defendants should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.