(40 Misc. Rep. 247.)

BRILL et al. v. SCHLOSSER.

(Supreme Court, Appellate Term. March, 1903.)

1. LEASE—CONSTRUCTION—APPLICATION OF SECURITY.
   Where, under a lease for 10 years and 4 months, rent payable monthly in advance, the tenant made a deposit applicable "first to any deficiency which may occur on her part in the performance of the covenants of the lease, and, if not, then to the rent of the last three months·of the term," such deposit cannot be applied, at the instance of the tenant, to a default occurring in the fourth month after she took possession.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Samuel Brill and others against Sarah Schlosser. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and GILDERSLEEVE, JJ.

Warren I. Lee, for appellant.

Morris J. Hirsch (Charles Grossman, of counsel), for respondents.

GIEGERICH, J. The action was brought to recover rent due for the month of October, 1902, under a lease for a term of 4 years and 10 months, beginning the 1st of July, 1902, at an annual rental of $1,400, payable in equal monthly installments in advance, the 1st day of each month. The lease contains sundry other covenants of the customary kind in such cases.

The only question involved is whether a certain deposit made by the tenant with the landlord at the time the lease was executed can be applied, at the option of the defendant, to the payment of the rent sued for, or whether the plaintiffs are entitled to hold such deposit until the end of the term. The provision of the lease on which the question turns is as follows:

"And the said party of the second part agrees to pay the sum of three hundred and fifty dollars upon the execution of this lease to be applied first

to any deficiency which may occur on her part in the performance of the covenants of this lease should there be any, and, if not, then as payment of the rent of the last three months of the term of this lease."

The appellant claims that the only deficiency which has occurred in the performance of the covenants of the lease is the nonpayment of the October rent sued for, and therefore that the deposit should have been applied to such payment. We think it clear that no such effect of the provision was intended by the parties. After three months of such application of the deposit, nothing would remain for the balance of the term to secure the plaintiffs for the performance of the other covenants of the lease, for which it seems plain this deposit was primarily made. There would not be thenceforth any security even for the payment of the rent. When the last three months of the term arrive, the defendant will be entitled to have this fund drawn upon for the payment of the rent; but until that time, if the relation of landlord and tenant continues to exist, it must be held intact to secure performance of the other covenants.

The appellant cites Scott v. Montells, 109 N. Y. 1, 15 N. E. 729, Chaude v. Shepard, 122 N. Y. 397, 25 N. E. 358, Michaels v. Fishel, 51 App. Div. 274, 64 N. Y. Supp. 1007, and Hawthorne v. Coursen, 18 Misc. Rep. 447, 41 N. Y. Supp. 995, where such deposits, less actual damages proved, have been allowed to be recovered after the termination of the lease by the act of the landlord—in the first three cases by summary proceedings, and in the last by reletting the premises to another. Relying on these cases, the appellant argues:

"If the deposit is applicable to the payment of unpaid rent after termination of the lease, why should it not be applicable for that purpose while the lease is still in force, as in this case?"

The construction above given to the provision in controversy is a sufficient answer to this question. After the tenancy is terminated there can be no further defaults on any covenant, but so long as the tenancy continues the deposit must be held for the purposes plainly intended by the parties. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.