DAVID BERNSTEIN, Respondent, v. EDWARD S. SMITH and Others, as Executors of the Estate of MILLARD F. SMITH, Deceased, Appellants.

Supreme Court, Appellate Term, First Department, June, 1922.

Landlord and tenant — lease — privilege of renewal cannot be inferred — evidence — oral evidence cannot be received to vary terms of lease — when wording not ambiguous.

Plaintiff leased rooms in defendant's building as a law office for a year from May 1, 1916; the next year he got a new lease and then obtained a memorandum extending said lease to May 1, 1919. In the preceding March he obtained a new lease for a term to commence May 1, 1919, and to end April 30, 1920, by which he expressly agreed to give formal written notice to the landlord on or before the 15th day of January, 1920, of his wish to continue the tenancy beyond the term granted. None of the leases contained an offer or privilege of renewal. *Held*, that an inference that the tenant was given an option of renewal for an additional year was not warranted.

In an action to recover damages for breach of an alleged agreement to renew the lease for an additional year from May 1, 1920, plaintiff upon his claim that the clause in relation to giving notice to the landlord of the tenant's wish to continue the tenancy was ambiguous, was permitted on the trial, over defendant's objection and exception, to introduce oral evidence of the intention of the parties. *Held*, error; there was no ambiguity, and as the only thing accomplished by the reception of said testimony was to allow the jury to find the making of another agreement which differed from the written contract, the judgment entered upon the verdict in favor of plaintiff will be reversed and the complaint dismissed, with costs.

APPEAL by defendants from judgment of the City Court of the city of New York, entered on verdict for plaintiff, and from the order denying their motion for a new trial.

*Coombs & Wilson* (*C. W. Wilson, Jr.*, of counsel), for appellants.

*Rifkind, Reilley & Schwinzer* (*Thomas T. Reilley, Albert J. Rifkind* and *David Bernstein*, of counsel), for respondent.

GUY, J.   Action against lessors to recover damages for breach of their alleged agreement to renew the plaintiff's lease of office premises for an additional year from May 1, 1920.

On March 6, 1919, the " Estate of Millard F. Smith, deceased, Edw. S. Smith, Executors," by a formal written instrument leased to the plaintiff as a law office the same rooms he had occupied as tenant in said building for several years prior to that date, for the term of one year, to commence May 1, 1919, and to end April 30, 1920.   There was no right of renewal in so many words, or option to renew given by the lease; but it is provided in paragraph 10 of the instrument: "And the tenant hereby expressly agrees to give formal written notice to the landlord on or before the fifteenth day of January, 1920, of tenant's wish as to continuance of the tenancy beyond the term hereby granted."

The landlord refused to permit the tenant to occupy the premises after April 30, 1920, the date fixed in the lease for the termination of the term; and the tenant claiming that the above-quoted provision in paragraph 10 was ambiguous was permitted on the trial, over objection and exception of defendants, to introduce oral evidence of the intention of the parties to the instrument. Pursuant to this ruling the plaintiff testified that before the lease for the term ending April 30, 1920, was signed he said to one Michael, an employee of the agent of the building, " according to the typewritten matter on the first page, this appears to be a lease for one year.   I was negotiating with you for a lease for one year from May 1, 1919, with the privilege of renewal from May 1, 1920, at the same rental, $1400 a year."   At Michael's suggestion the plaintiff then went to the office of the landlord's agent, Mr. Tredwell, and told Tredwell that though he was negotiating for a lease for one year with the privilege of renewal " this lease looks to me like a lease for a year; " that Tredwell replied, " This is a lease for a year with privilege for renewal; that he turned over on the next page and he said, 'All you have to do,'— the last page — ' you have to give us written notice under clause 10, on or before January 15, and you desire to stay another year in your offices, and we will renew the lease for another year for $1,400 a year,' " and that on the faith of that statement the plaintiff signed the lease.   On or about December 10, 1919, plaintiff notified the defendants that pursuant to paragraph 10 of the lease, he elected to exercise the option to continue his tenancy for one year from May 1, 1920, upon the same terms and conditions as in the existing lease.

Tredwell, landlord's agent, denied that he ever had any such conversation with the plaintiff as testified; and Michael, Tredwell's employee, testified that at the time he was negotiating with the

plaintiff for the lease from May 1, 1919, he asked plaintiff to take a two-year lease, but plaintiff said no, that he expected to get out of the business in another year, that he did not intend to be always a lawyer.

The jury found for plaintiff and assessed his damages in the sum of $1,400.

We are of opinion that there is no ambiguity, as claimed, in the clause relied upon by plaintiff: " The tenant hereby expressly agrees to give formal written notice to the landlord on or before the fifteenth day of January, 1920, of tenant's wish as to continuance of the tenancy beyond the term hereby granted." While we agree in the view that the court should endeavor to give effect to every stipulation of an agreement, there is a limit beyond which contractual intention cannot be read into language which does not express it either in words or by reasonable implication. It is conceivable that the landlord of such premises would desire to know several months in advance of the end of the term whether the tenant intends to stay for another year, and make arrangements accordingly, and there seems no room for doubt that is just what the language quoted means — an agreement on the part of the tenant to express in writing on or before January fifteenth whether he wishes to renew his lease. As against the theory of ambiguity upon which the testimony was admitted, the plaintiff testified on cross-examination that he was satisfied that the clause referred to gave him a renewal for one year on the same terms and conditions stated in the lease; that his rights were fully protected by the instrument; and that he would have advised a client that the lease entitled him to an option for a renewal for a term of one year. We agree with the appellants that the only thing accomplished by admitting the oral testimony objected to was to allow the jury to find the making of another agreement which differed from the agreement contained in the written contract of the parties. *Thomas* v. *Scutt,* 127 N. Y. 133; *Collender* v. *Dinsmore,* 55 id. 200.

In *Burgener* v. *O'Halloran,* 111 Misc. Rep. 203, the facts were stipulated, and the record presented a question of law affecting the construction of a clause of a lease dated October 7, 1918. The clause there under consideration was " That the said tenant shall notify the said landlord one month before the expiration of the term, if he desires to renew the lease." On or about October 1, 1916, the same landlord rented the premises to the tenant for one year with the privilege of renewal for one year, the rent reserved being sixty-five dollars a month and the water tax, the tenant to have the option to purchase the premises at a stipulated price.

On October 1, 1917, the tenant renewed the lease, the renewal period expiring October 1, 1918. On October 7, 1918, the lease containing the words before quoted, said words appearing to be specially incorporated in typewriting in a printed form of lease, was executed. The court held that the facts showed that the landlord and the tenant evidently believed that the lease of October 7, 1918, was identical in its terms with the old lease; that although the new lease did not require the tenant to pay the water tax or give him the option to buy the premises, the landlord sent the tenant the water bills for 1918–1919, and the tenant paid them; that until June, 1919, the landlord as well as the tenant acted as if the new lease corresponded in terms with the old; and that accordingly it was the intention of the parties that the tenant had a right to renew for an additional term, and such right to renew could be set up as an equitable defense in the summary proceeding. In the present case, however, the plaintiff had a lease for one year from May 1, 1916, to May 1, 1917, a new lease for one year May 1, 1917, to May 1, 1918; then he obtained a memorandum extending his lease to May 1, 1919, the date when the term under the lease in question began. None of these leases contains an option or privilege of renewal. Under the circumstances the doctrine of the case of *Burgener* v. *O'Halloran, supra,* does not warrant an inference that the clause in paragraph 10 of the lease before us gave the plaintiff an option of renewal for an additional year.

In view of our conclusion on the merits it is unnecessary to consider whether under the circumstances the action would lie against defendants in their representative capacity.

Judgment reversed, and complaint dismissed, with costs.

BIJUR and McCOOK, JJ., concur.

Judgment reversed.