SYLVAN MORTGAGE CO., INC., Respondent, *v.* JOHN H. ASTRUCK, Appellant.

First Department, May 4, 1923.

**Landlord and tenant — option for renewal in favor of landlord only — option was free from ambiguity and did not give tenant option to renew — tenant is liable for reasonable rent during period he held over.**

A clause in a lease which provides that the lessee agrees to give written notice to the landlord five months before the termination of the lease or any renewal thereof as to whether he desires to surrender the premises or make a new lease thereof, and that failure to give such notice when requested in writing shall, at the option of the landlord, constitute a renewal of the lease or any renewal thereof for one year, is free from ambiguity and gives to the landlord only an option to renew the lease and the tenant does not have any option under the lease to compel the landlord to renew it.

Accordingly, where the tenant gave notice five months before the expiration of the lease that he desired to remain in possession for another year, but the landlord did not choose to exercise the option given to him by the lease, the tenant is liable for the reasonable rental of the premises for the period he holds over after the expiration of the lease.

PAGE, J., dissents, with opinion.

APPEAL by the defendant, John H. Astruck, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 27th day of June, 1922, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, in favor of the plaintiff.

*Harry Bijur* [*Harold H. Herts* with him on the brief], for the appellant.

*Henry S. Mansfield,* for the respondent.

FINCH, J.:

The parties have stipulated that no receipt of rent shall affect the question which the parties have submitted for decision, namely, whether the lease, by its terms, entitled the tenant to a renewal as a matter of law. The notice by letter was given in sufficient time.

There appears to be no ambiguity in the clause in question and hence no room for construction on the ground of uncertainty, or for the implication of covenants not expressed. (*McCluskey* v. *Cromwell,* 11 N. Y. 593, 601.)

In the case at bar the parties had before them a lease which contained provisions for renewal at the option of the lessor, and

hence the parties, when drawing clause 12, had to have in mind the original lease and this same lease, if renewed. Said clause expressly provided that the lessor had the right to know five months in advance whether the tenant wished to surrender the premises or to take up with the lessor upon what terms a new lease could be made. Knowing this, the lessor could then proceed either to look about for a new tenant or enter into negotiations with the present tenant. If the tenant did not so indicate his intention, then the lessor had the option to compel such indication, and if the tenant still refused, the lessor might elect a renewal of the term for another year. The terms of the lease were thus agreed to by both parties and became the contract which bound them. " But in the construction, both of statutes and contracts, the intent of the framers and parties is to be sought first of all, in the words and language employed, and if the words are free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the framers of the instrument, there is no occasion to resort to other means of interpretation. It is not allowable to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning." (*McCluskey* v. *Cromwell, supra.*)

In the lease at bar, to hold that the provisions entitled the tenant to a renewal of the lease at the tenant's option would, in effect, be making a new contract for the parties and would practically amount to a holding that when a lessor inserts in his lease a provision expressly for his benefit, a reciprocal provision for the benefit of the tenant may be implied in the lease, although the same is not expressed. It is submitted that to adopt such a construction would render uncertain instruments that heretofore have been held certain.

Moreover, this court has recently affirmed a decision of the Appellate Term holding that a lease providing " and the tenant hereby expressly agrees to give formal written notice to the landlord on or before the fifteenth day of January, 1920, of tenant's wish as to continuance of the tenancy beyond the term hereby granted " was free from ambiguity and gave an option alone to the landlord. (*Bernstein* v. *Smith*, 119 Misc. Rep. 34; affd., 205 App. Div. 880.)

It follows that the determination of the Appellate Term and the judgment of the Municipal Court were right and there should be an affirmance, with costs.

Cʟᴀʀᴋᴇ, P. J., Dᴏᴡʟɪɴɢ and Mᴇʀʀᴇʟʟ, JJ., concur; Pᴀɢᴇ, J., dissents.

PAGE, J. (dissenting):

The action was by a landlord to recover $1,000 as the alleged reasonable value of the use and occupation of the apartment occupied by the defendant for the five months of October, November, December, 1920, and January and February, 1921, at the rate of $200 per month. The defendant's answer interposed the statutory defense, prescribed by chapter 944 of the Laws of 1920, being one of the September Rent Laws of 1920, to the reasonableness of the rent demanded by the plaintiff and a separate and affirmative defense based upon the claim that the initial one-year term under a written lease had been renewed for a further term of one year, which included the five months above mentioned upon the same rental of $116.67 per month. The defendant has paid to the plaintiff the sum of $116.67 on account of rent for each of the five months, without prejudice to the rights of either party. The parties stipulated that the fair and reasonable rent of the premises was $1,900 per year, and the judgment below was entered accordingly.

The facts in the case were stipulated, and, therefore, only a question of law is presented. The lease in this case expired on September 30, 1920, and contained the following covenant:

" 12th. The Lessee expressly covenants and agrees to give written notice to the lessor or the agent of said Lessor five months before the termination of this lease or any renewal thereof as to whether said Lessee desires to surrender the premises or make a new lease therefor, and the Lessee covenants and agrees that failure to give such notice when requested to do so in writing shall at the option of the Lessor constitute a renewal of this lease or any renewal thereof for one year from the expiration thereof upon the same terms and conditions as herein contained."

The lessee, on April 30, 1920, sent by registered mail to the agent of the lessor the following letter:

" Referring to the lease for my apartment in which I am at present residing and which terminates September 30th, 1920, in compliance with clause 12, in which I am to give you written notice of my desires for its renewal or otherwise, I hereby give you this written notice, that I desire to remain in possession and renew my lease for a year from October 1st, 1920, on the same terms and conditions stated therein."

It was stipulated that this letter was received in the regular course of mail by the lessor's agent on May 1, 1920.

The justice of the Municipal Court gave judgment for the plaintiff for the stipulated reasonable rent, upon the ground, as stated in his opinion, that " the real purpose of providing for the notice was to give an opportunity to the tenant to surrender the premises

if he so desired. If no notice was given, then the landlord could elect, at his own option, to regard the lease as extended for a year." The Appellate Term affirmed the judgment without opinion.

The difficulty with this construction of clause 12 of the lease is that it gives nothing to the tenant. If the tenant had no right to a renewal upon giving notice, then he needed no opportunity to surrender the premises, as he had the legal right to do so on the expiration of the term.

The clause in the lease is not in the usual form of a renewal clause, and is inartificially expressed to clearly present the understanding of the parties. When we are required to construe the covenant for a renewal in a lease because of uncertainty of its meaning, the tenant must be favored and not the landlord, because the latter having power to stipulate in his own favor, has neglected to do so; and also upon the principle that every man's grant is to be taken most strongly against himself. (*Kaufmann* v. *Liggett*, 209 Penn. St. 87, 97.) While the language of the clause is that notice shall be given " whether said Lessee desires to surrender the premises or make a new lease," twice in the covenant the words " this lease or any renewal thereof " are used. Therefore, I am of opinion that the option given to the tenant was to surrender or renew the lease for one year upon the same terms and conditions. Otherwise there would be no force in the covenant. If it was to be a new lease on different covenants and conditions, who would prescribe them? Are we to assume that the tenant is given the power to state the terms of the new lease? There is no agreement on the part of the landlord to give a lease on new terms and conditions. On failure of the tenant to give the notice on written demand, the landlord had the option to repossess himself of the premises or to treat the failure as a renewal of this lease for one year on the same terms and conditions. Unless there was a right of renewal granted to the tenant, there would be no penalty of renewal surviving to the landlord, for there is nothing to bind the tenant to accept the renewal or a new lease. (*Bruce* v. *Fulton Nat. Bank*, 79 N. Y. 154.) While a distinction is made in some of the authorities between a covenant for a renewal, which they hold to be a demise for the period of the lease with the privilege of a new lease for the extended term, and a provision for an extension of the term at the option of the lessee, which they treat as a present devise for the full term to which it may be extended, the Court of Appeals of this State has refused to recognize such a distinction, holding that a renewal does not evoke new conditions of continuance in occupation, and a new lease would be useless; that the acts of the tenant alone were intended, inasmuch as no other act is enumerated in the covenant, to extend

the stipulations of the lease through the additional years, and it is immaterial that the demise was to take effect as to additional years or term in the future at the option of the tenant. (*Orr* v. *Doubleday, Page & Co.*, 223 N. Y. 334, 341.) In clause 12 of the lease under consideration in the present case, the tenant is required to give a specified notice; upon his failure to do so, the landlord is required to demand such notice of the tenant's intention; upon the second default of the tenant to act, the landlord has the right to consider that the tenant's " silence gives consent," and to hold him to a renewal of the lease for another year upon the terms and conditions of the existing lease or that the lease shall terminate. The requirement for the landlord to demand notice upon the failure of the tenant to give notice at the specified time seems to have been overlooked by counsel and the justices of the Municipal Court and the Appellate Term. It is, however, a very compelling consideration in the determination of the case. The plaintiff is in no position to question the sufficiency of the defendant's notice. Its claim is that, as the notice was not received by its agent until May first, and, therefore, was one day late, the manner prescribed for it to have asserted that contention was by making a demand for a notice of the tenant's intention. Having failed to do this, it waived any objection to the sufficiency either of the time or manner of the giving of the notice.

The tenant remained in possession of the premises after October 1, 1920, under the terms of the original lease, and is required only to pay the rent therein reserved.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and the complaint dismissed, with costs in all the courts.

Determination affirmed, with costs.