SYLVAN MORTGAGE CO., INC., Respondent, *v.* NATHAN TURKELTAUB, Appellant.

First Department, May 4, 1923.

See headnote in *Sylvan Mortgage Co., Inc.,* v. *Astruck* (*ante*, p. 455).

APPEAL by the defendant, Nathan Turkeltaub, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 27th day of June, 1922, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, in favor of the plaintiff.

*Harry Bijur* [*Harold H. Herts* with him on the brief], for the appellant.

*Henry S. Mansfield*, for the respondent.

FINCH, J.:

For the reasons stated in *Sylvan Mortgage Co., Inc.*, v. *Astruck* (205 App. Div. 455), decided herewith, the determination of the Appellate Term affirming the judgment of the Municipal Court should be affirmed, with costs.

CLARKE, P. J., DOWLING and MERRELL, JJ., concur; PAGE, J., dissents.

PAGE, J. (dissenting):

This case was tried at the same time as *Sylvan Mortgage Co., Inc.*, v. *Astruck* (205 App. Div. 455), decided herewith. With slight differences the facts are the same. The action was by the same landlord against a different tenant occupying another apartment in the same building, and under a similar lease with an identical clause 12; but the term of the lease was for two years. The notice was likewise mailed on April 30, 1920, and received by the plaintiff's agent on May first. The notice was given by the following letter:

" I herewith give you formal notice of my intention to renew my lease on my apartment at 306–10 W. 100th St., 4th floor, for an additional term. I am willing to enter into a new lease and pay you a reasonable increase of rent. I await your pleasure."

The effect of this letter was to give the plaintiff an opportunity, if it preferred to have a new lease with a reasonable increase in rent, to so state; then there would have been an opportunity to negotiate with the tenant as to the terms of the new letting. It failed to avail itself of this opportunity or to make a request for a more definite proposition from the tenant. By reason thereof the notice became effective, and when the tenant remained in possession after the first of October, his occupancy was under the same terms and conditions of the original lease, and the plaintiff had no right to demand an increased rental, for the reasons given in the *Astruck* case.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed, and the complaint dismissed, with costs to the appellant in all courts.

Determination affirmed, with costs.