EARLINGTON REALTY CORPORATION, Plaintiff, *v.* LOUIS NESCHIS and Another, Individually and as Copartners Doing Business as NESCHIS, GELLER & Co., Defendants.

City Court of the City of New York, March 23, 1925.

**Landlord and tenant — action for rent under written lease containing renewal clause permitting landlord to consider lease renewed in event of tenants' failure to give six months' notice of election to renew — lease also contained survival clause by which tenants agreed to indemnify landlord for deficiency by reason of dispossession — tenants vacated premises after commencement of summary proceedings to dispossess — defendants liable under survival clause for rent though tenancy is at end — tenants not entitled to return of security deposited — tenants bound by admissions in answer.**

Defendants, tenants under a written lease containing a renewal clause by which the landlord was permitted to consider the lease renewed upon tenants' failure to give six months' notice of election to renew, are liable to the landlord in an action for two months' rent under the lease, though the tenants vacated the premises after the commencement of summary proceedings to dispossess, and the lease as a conveyance is at an end, since the survival clause in the lease under which the tenants were liable for any deficiency which might arise by reason of dispossess proceedings survived such proceedings.

The tenants are not entitled to the return of the deposit made as security for the payment of the rent, since the exercise of the option by the landlord to extend the term of the lease operated as a renewal of all the provisions contained in the lease, including the survival clause, and requires the continuation of the security for the extended term.

The tenants, by reason of their admissions, by not denying, the relation of the parties by virtue of the written lease, are estopped from raising the issue that the landlord, having alleged, in the summary proceeding, that the agreement of leasing was oral, is barred from claiming the existence of any tenancy other than a monthly tenancy.

ACTION for rent under a written lease.

*Milton Elias Schattman* [*I. Maurice Wormser* of counsel], for the plaintiff.

*Meyer Levy,* for the defendants.

WENDEL, J.:

Action for rent under a written lease. The lease was for the term of one year, commencing February 1, 1924, and ending January 31, 1925. It contained a renewal clause whereby, in the event of the failure of the lessees to notify the lessor at least six months prior to the expiration of the lease of their election to renew the lease at its expiration, the lessor might, at its option, without further notice, consider the lease renewed for a period of three years upon the same terms and conditions and at the same rental. The lease also contained a survival clause whereby the lessor, in the event of the dispossession of the lessees, might relet the demised premises for the remainder of the term for the account of the lessees, and the lessees agreed to remain liable for any deficiency which might arise by reason of such dispossess. On December 22, 1924, the lessor instituted summary proceedings in the Municipal Court to dispossess the lessees for non-payment of rent. The petition in such proceeding alleged that in November, 1924, an oral agreement was entered into between the petitioner and the defendants whereby defendants, as tenants, hired from plaintiff, as landlord, the premises in question, and whereby defendants agreed to pay plaintiff rent at the rate of $166.67 a month, payable monthly, in advance, on the first of each month, and that the tenants entered into possession of the premises and still continue to occupy the same. Defendants interposed a general denial in said proceedings. The proceedings terminated by the issuance of a final order in favor of the landlord, and by consent a warrant was to issue on January twelfth, on which latter date the defendants moved out and vacated the premises. The rent sought to be recovered is that for the months of December, 1924, and January, 1925. The complaint sets forth the existence of the lease above described and also the survival clause. It alleges non-payment of rent for said months and demands judgment. The answer, by not denying, admits the existence of the lease as alleged by plaintiff, but denies that the rent is due and owing. It alleges, by way of partial defense, the institution of the summary proceedings above referred to, the issuance of the final order and the warrant and the removal of the defendants from the premises, and alleges that by reason thereof the relationship of " landlord and tenant was severed and said lease terminated on the date of the issuance of the precept." A counterclaim is also interposed

in which the making of the lease is alleged; the deposit by defendants with plaintiff of $300 as security for the performance by defendants of the terms, covenants and conditions of the lease; the institution by plaintiff of the summary proceedings to have defendants, " tenants under said lease," dispossessed; the issuance of the final order and warrant dispossessing defendants from the premises mentioned in the lease and the subsequent vacation of said premises by defendants. It is further alleged that by reason thereof said lease terminated and expired and the relationship of landlord and tenant which theretofore existed between the parties was severed and the defendants entitled to have said security applied to the rent for the month of December, 1924, and are entitled to the return by plaintiff of the balance. Plaintiff is entitled to the two months' rent sued for. While the final order and removal of the tenant terminated the estate, it did not terminate the contract under which the tenant was bound to complete payment of the rent. The lease as a conveyance is at an end, but the contract therein for liability after dispossess proceedings survives. Tenurial rent, issuing strictly out of the land, no longer is due, but liability under the survival clause remains. (*Gross* v. *Salzman*, 61 Misc. 630; *Hall* v. *Gould*, 13 N. Y. 127; *Lewis* v. *Stafford*, 24 Misc. 717, 719.) The remaining question is whether defendants are entitled to a return of the security deposited. The renewal clause is valid. (*Sylvan Mortgage Co.* v. *Astruck*, 205 App. Div. 455; *Earlington Realty Corp.* v. *Morgenstern*, N. Y. L. J. Feb. 2, 1924.) Plaintiff by the exercise of its option extended the term of the lease for a period of three years, and such renewal operates as a renewal of all the provisions contained in or part of the lease. (*Bernstein* v. *Heinemann*, 23 Misc. 464.) It is a continuation of the original letting and the rights and duties of the parties are to be determined by the provisions thereof. The execution of a new lease is unnecessary. Hence the tenants are required to continue the security for the extended term. Defendants claim, however, that inasmuch as plaintiff in its petition in the summary proceeding alleged that the hiring was by virtue of an oral agreement whereby the tenants agreed to be monthly tenants, the final order in favor of the landlord determined the relationship of the parties and for this reason plaintiff is now estopped from claiming the existence of any relationship other than a monthly tenancy. A final judgment in a summary proceeding determines all questions litigated, or that may on the issues be litigated relating to the relation between the parties and such judgment is conclusive in a subsequent action as to the existence and term of the letting as well as of any other facts which are required to be alleged in the proceeding.

(*Reich* v. *Cochran*, 151 N. Y. 122.) But the rule is not here applicable and the prior adjudication cannot aid defendants for the reason that by their pleading they have defined and limited the issue. They have admitted by not denying that the relation of the parties was by virtue of the lease alleged by plaintiff, and that the renewal clause was contained therein, and in their defense and counterclaim they have affirmatively set up the existence of the lease, the institution of proceedings to dispossess them as tenants under the lease, and the termination of the lease by reason of the dispossess proceedings. Hence they are bound by and estopped from controverting their admissions in their own pleading. They may not raise an issue which they have closed by their own admissions. (*Paige* v. *Willet*, 38 N. Y. 28.) Defendants so long as their answer not only admitted but affirmatively alleged the existence of the lease between the parties, and the institution of proceedings to dispossess them as tenants under the lease, are not now at liberty to raise an issue which these admissions and allegations have closed. They are concluded thereby and controverting evidence, even though received, is entitled to no consideration. (*Pennacchio* v. *Greco*, 107 App. Div. 225.) A party by making an admission of record inconsistent with the former adjudication waives the benefit of the estoppel, and the case will be determined as though no such former judgment had been rendered. (34 C. J. § 1161.) Judgment for plaintiff as prayed for in the complaint. Submit decision on notice.