BISCHOFF, J.
The plaintiff leased certain premises from the defendant for a term of eight months, under a verbal agreement whereby he was to pay $45 rent monthly. He entered into possession the 1st day of September, 1895, and paid $45, which sum, according to the testimony, was for security for rent during the remainder of the term. On October 1st he failed to pay his rent for that month, but, upon the 8th, made payment of $30, and received an extension of time until the 14th within which to pay the balance. Failing to do this, however, he was evicted upon the 15th of that month, and has brought this action to recover hack the $45 deposited as security and also the sum of $7.50, representing the per diem overpayment for the actual period of occupation during October. ■
According to the testimony, the deposit was made as security for payment of rent only, and to insure performance of no other covenant. But, with the rescission of the contract of lease by the <3ofendant, there was nothing which could thereafter accrue in the way of rent, and bis damages arising from nonpayment of rent *82 alone called for an application of the sum deposited. To the excess the plaintiff was entitled. Scott v. Montells, 109 N. Y. 1; 14 St. Rep. 21. Upon the 15th day of October the lease ceased to exist, the defendant having elected to terminate it for the plaintiff’s failure to pay the balance of the October rent; and, while the evidence supports the inference that this rent was payable upon the 1st day of the month, yet, at the time of the termination of the contract, there was due to the defendant but $15, to which the security was to be applied, and, therefore, the plaintiff'was entitled to the balance of $30.-
The claim for the per diem overpayment was, however, properly disallowed, since the tenant’s possession for the first fifteen days of October was eonditional"upon his payment of the whole month’s rent. His contract was entire, and with his nonperformance any claim to the $30 paid naturally failed. Since the evidence does not support, the judgment in favor of the defendant, a new trial must be had.
Judgment reversed, and new trial ordered, with costs to abide the event.