(27 Misc. Rep. 522.)

MANNING v. FERRIER.

(Supreme Court, Appellate Term. May 24, 1899.)

1. APPEAL—CONCLUSIVENESS OF RECORD.
   Appellant is bound by the recitals in the record as to the terms of a stipulation, where he has made no application for an amended return.
2. LANDLORD AND TENANT—EVICTION—RENT.
   Eviction of a tenant on the 10th of a month is no defense to an action for rent for such month, where payable in advance.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Henrietta Manning against James Ferrier. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

J. Baldwin Hands, for appellant.

James C. De Le Mare, for respondent.

FREEDMAN, P. J.    The complaint in this action avers that the plaintiff on the 23d day of October, 1893, by a written lease, demised certain premises in the city of New York to this defendant and one Thomas Dolan, at a yearly rental of $3,600, payable in equal monthly payments in advance, upon the 1st of each and every month, which lease contained a right of renewal for three years upon the same conditions; that subsequently Dolan assigned his interest in said lease to this defendant; that defendant continued to occupy the premises until June 10, 1897, under the lease and its renewal; and that there became due and payable to the plaintiff from the defendant the sum of $300 on June 1, 1897.    The defendant admits that the rent was $300, that it was payable in advance, that it has not been paid, and that he occupied the premises up to June 10, 1897.    He sets up as a defense that on June 5, 1897, the plaintiff, as landlord, began summary proceedings against him, as tenant, to remove him from the premises, which proceedings resulted in the issuance of a warrant thereunder on June 10, 1897; that he was thereupon removed from the premises, and possession thereof taken by the plaintiff, who thereafter had the use and benefit of the same.    For these reasons the defendant claims that the plaintiff cannot recover more than the amount of the rent from June 1 up to June 10, 1897, although by the terms of the lease the rent became due June 1, 1897.    Upon the trial it was conceded by the plaintiff that the warrant referred to was issued; that the tenant was dispossessed on June 10, 1897, and surrendered the premises.    The trial was with a jury upon the 2d day of November, 1898.    At the close of the testimony the plaintiff asked for the direction of a verdict in her favor for the sum of $300, which motion was granted against the objection of defendant.    The defendant then made a motion for a new trial, and, as appears by the record, it was stipulated between the respective parties, in open court, that such motion should be determined by the court upon briefs, and that the time given to the court by statute in which to enter judgment should be extended until such motion should be decided.    Subsequently the attorneys for the respective parties submitted their briefs, and the motion for a new trial was denied, and a judgment in favor of the plaintiff for the full amount claimed by her was entered on the 17th day of February, 1899.

It is claimed by the appellant that the time given to the court was limited to 10 days in which to hand in briefs, and to 20 days thereafter in which to render judgment.    It is a sufficient answer to that to say that the record fails to show that the time was limited.    On the contrary, it appears affirmatively that unlimited time was given, and the appellant is bound thereby.    If he desired to have an amended return, he should have duly applied therefor.

The only remaining question relates to the right of the plaintiff to recover for one month's rent upon the facts as conceded upon the trial. This question has been decided adversely to the defendant in many

cases,—among others, in McKeon v. Whitney, 3 Denio, 452–457; Giles v. Comstock, 4 N. Y. 270; Johnson v. Barg, 8 Misc. Rep. 307, 28 N. Y. Supp. 728; Weston v. Ryley, 15 Misc. Rep. 638, 37 N. Y. Supp. 216; Kahn v. Tobias, 16 Misc. Rep. 83, 37 N. Y. Supp. 632. The judgment must therefore be affirmed.

Judgment affirmed, with costs to respondent. All concur.